FAIRCLOTH, C. J., and FURCHES, J., dissenting.
As this case depends entirely upon the construction of a written instrument, it seems proper to set out the entire instrument. We have placed in parentheses the only section that can by any possibility afford a basis for the contention of the defendant, and have italicized some important words. The alleged release is as follows:
"Southern Railway Company. To S. B. Jeffreys, Dr. Address, Greensboro, N.C. Payable to S. B. Jeffreys. Address, Greensboro, N.C. Know all men by these presents, that, for, *Page 260 
and in consideration of the sum of forty dollars, to me paid by the Southern Railway Company, the receipt whereof is hereby acknowledged, I, the undersigned, S. B. Jeffreys, (378) do hereby release and forever discharge the said Southern Railway Company and the North Carolina Railroad Company from any claim, demand, or liability for payment of any further or other sum or sums of money for and on account or growing out of the following mentioned matter and claim, viz.:
1897.
Oct. 30. For all damages and claims for damages for injuries received on the night of 30 October, 1897, caused by stepping in a hole in platform on south side of old freight depot, Greensboro, N.C................................$40.00
 This is in full and final settlement of all claims of any nature whatever arising from above-mentioned accident.
"And in consideration of the payment of said sum of $40 to the above named payee, evidenced by my signature to the receipt hereto below annexed, I, S. B. Jeffreys, do hereby promise and agree that said payment and receipts shall and will operate as a full and complete release, discharge, and satisfaction of any, every, and all cause or causes of action, claims and demands against the said Southern Railway Company or the North Carolina Railroad Company, arising or growing out of the cause or matter above set forth, and also as a perpetual bar to any warrant, suit, or other process or proceeding for the collection or legal enforcement thereof, or to any claim or demand for damages under and by reason of the provisions of any statutory enactment whatsoever, or at common law, or other wise, for the results or in consequence of the said personal injury
to me, the said S. B. Jeffreys, which may have been or may be asserted or instituted. And this agreement shall further operate and be in full discharge, satisfaction, compromise, settlement, and bar of any claim, demand, warrant, remedy, suit, or proceeding which may have been instituted by me and be pending before any court or tribunal against said (379) companies, or either of them, or of any judgment, order, or decree which may heretofore have been entered or obtained in my favor against said companies, or either of them, for any sum arising or growing out of the claim or demand set forth above. (It being hereby expressly declared to be the intention of this instrument to forever release the said Southern Railway Company and the North Carolina Railroad Company from any and all other claims, demands, or rights of action of every nature, originating prior to this date, because of any *Page 261 like cause or causes of complaint.) And it being hereby expressly understood and agreed that neither of the above companies is under any obligation or requirement to take or retain me in its employment or service in any position or capacity whatever. Given under my hand and seal this 9 December, 1897. S. B. Jeffreys. [Seal.] Witness: W. A. Wingate, Witness: Robert Chrismon.
"Certified to as correct. Jas. D. Gleen, Law Agent. N.J. O'Brien, Superintendent. Chas. Price, Div. Counsel.
"Examined and entered. H. I. Bettis, Auditor of Disbursements. A. D. M.
"Audited. F. W. Crump, Asst. Auditor M. C. M.
"Approved for payment. S. Gannon, Third Vice-President.
"Received, 30 December, 1897, of the Southern Railway Company, forty dollars, in full for above account. $40. S. B. Jeffreys. Witness: W. E. Coffin, Agent."
It will be seen that the clause relied upon by defendant does not pretend to be in itself a release of anything, but simply undertakes to construe the foregoing clauses in a manner directly contrary to their letter and spirit. It says that a release which by its express terms, is confined to "injuries received on the night of 30 October, 1897, caused by stepping in a hole in platform on south side of old freight depot, Greensboro, (380) N.C." shall be taken as intending to cover all other injuries arising from any like cause of complaint. It further construes "any like cause of complaint" as meaning any kind of personal injury. If it so intended, why did it not say so in plain words, and simply say: "In consideration of the payment to him of forty dollars in money, S. B. Jeffreys hereby releases the Southern Railway Company from all claims whatsoever for damages for personal injuries of any nature received by him at any time heretofore through the negligence of the said railway company or any of its employees." Such a release would have required fewer words and less trouble, and would have been less liable to misconstruction. It is evident that this release was not written by the plaintiff. It bears on its face unmistakable evidence of its origin. It was probably a printed form prepared with great care by the defendant for the purpose of meeting all possible contingencies, foreseen and unforeseen. As it clearly appears that no other part of the paper even pretends to release any claim for injuries received by the plaintiff on 8 March, 1897, it follows that the clause in question is a separate and independent release, if a release at all; that is, if it releases anything, it must release a separate and independent cause of action, not alluded *Page 262 
to in any other part of the contract. It is, therefore, if viewed as an additional release, wholly without consideration, as the contract distinctly states the $40, the only consideration therein mentioned, was paid on account of the injuries received on 30 October, 1897. Being, at best, equivocal in terms, and utterly without consideration, should it be upheld as construed by the defendant? We think not. Suppose A should agree to sell to B two acres of land for the sum of $40, and that B should afterward induce A to execute a deed conveying the two acres by metes and bounds, but containing a clause, inserted (381) down among the covenants of warranty, that this deed was intended to convey all lands owned by the grantor in the State of North Carolina; would this Court hold that the deed conveyed 1,000 acres of land owned by the grantor in another county? The receipt of the plaintiff at the bottom of the contract expressly states that the $40 is "in full of above account;" the only account stated being that for injuries received on 30 October, 1897. We are clearly of the opinion that the legal effect of the instrument is to release only the cause of action therein specifically set forth, and there are facts tending to prove aliunde, if such were necessary or competent, that this was the original understanding of both parties. It was clearly the understanding of the plaintiff, and this seems to have been, also, the original understanding of the defendant, because, after taking two months for preparation, it files its verified answer on 20 August, 1898, simply denying the allegations of the complaint and pleading contributory negligence. This answer contained no allusion whatsoever to any release or pretended release, although the contract in question was at that time in its possession. No allegation of any such release was ever made by the defendant until its amended answer of 23 December, 1899 — more than a year and four months after the filing of its original answer. The action had then been at issue over sixteen months, and all new matters, both in the original and amended answers, were deemed controverted by the plaintiff, under sec. 268 of The Code. As there was nothing in the nature of a counter claim, any reply would have been superfluous. The plaintiff is deemed to have denied the making of any such release, and he offered to prove by competent testimony that "at the time he signed the paper he was told by defendant that the same applied only to an injury suffered by plaintiff by falling through a platform of defendant [a (382) different injury from the one complained of in this action.]" For the purposes of this appeal, this evidence must be taken to be true; and, if true, we are forced to *Page 263 
one of two conclusions: (1) That the paper does not amount to a release of the present cause of action; or (2) that such release was inserted by mutual mistake. It is not necessary for a determination of this appeal to consider the second conclusion, since we think that the contract itself, on its face, does not amount to a release of the present cause of action. Therefore, there was error in nonsuiting the plaintiff in the Court below, and a new trial must be ordered.
New trial.