OPINION OF THE COURT
John R. Cannizzaro, J.
This is a motion by the defendant, Larry Press, Inc., for an order dismissing the complaint for failure to state a cause of action against the defendant, Larry Press, Inc., or in the *897 alternative, for an order disqualifying plaintiffs attorney from representing the plaintiff in this action.
This action is brought against the defendant, Exchange Insurance Co., for the alleged wrongful cancellation of an automobile insurance policy issued by it to the plaintiff, and against the defendant, Larry Press, for its alleged negligence in conducting an investigation of an automobile accident, which culminated with the aforementioned cancellation.
On or about January 1, 1985, a motor vehicle owned and operated by the plaintiff, Frederico Velastequi, was involved in an accident. At the time of the accident, plaintiff was insured by the codefendant, Exchange Insurance Co. On or before February 1, 1985, the defendant, Larry Press, Inc., was given the assignment of investigating this claim and reporting it to the insurance company.
Plaintiff alleges that the defendant, Larry Press, Inc., did not make a meaningful investigation; did not comply with its obligation towards the codefendant, and submitted wrong and malicious reports which caused the codefendant to cancel the insurance policy.
The novel issue before this court is what duty, if any, is owed by an independent investigator or adjustor, retained by an insurance company, to the holder of the insurance policy issued by said company.
This court is constrained to find that no such duty exists.
It is obvious that no privity of contract existed between the plaintiff and defendant, Larry Press. At best, a contract exists between the plaintiff and the defendant, Exchange Insurance Co.; Larry Press, Inc., as agent for the insurance company was retained to obtain a statement of facts from the plaintiff.
A statement of facts is a detailed accounting made by the assured to its assurer, of an occurrence, based upon which the insurance company is obligated, by contract, to defend the assured against any claims arising therefrom.
In the case at bar, all services rendered by the defendant, Larry Press, Inc., were performed for the benefit of the codefendant, Exchange Insurance Co. This does not make the plaintiff a beneficiary of the purpose for which the person procuring the statements was so retained. The primary cause of action lies between the plaintiff and the defendant, Exchange Insurance Co. "[A] third person may enforce a contract made by others for his benefit, whenever it is manifest from the nature or terms of the agreement that the parties in *898 tended to treat him as the person primarily interested.” (Austin v Seligman, 18 F 519, 522 [CCNY 1883].)
Although the plaintiff may have been an incidental beneficiary to the aforementioned contract, he did not acquire a legally enforceable right. “An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.” (Restatement of Contracts § 147.)
Since there is no privity of contract between the plaintiff and defendant, Larry Press, Inc., plaintiff’s claim must be dismissed.
Plaintiff further contends that the defendant, Larry Press, was “negligent, careless and unprofessional in conducting [a] substandard investigation and did not perform the functions and duties of investigations in accordance with the professional standards prevailing”.
This now raises the issue as to whether an investigator for an insurance company, absent privity of contract, may be held liable to the insured for a negligently prepared statement to the insurance company and, if so, to what limits does that liability extend.
Since the advent of negligence actions, "there has been a marked tendency to convert all tort cases into negligence cases and resolve them by negligence doctrines. The negligence action imposes the mildest burdens of any of the tort actions and has provided numerous escapes from the strict liability imposed by medieval tort law * * * It is the lowest common denominator to which most tort actions can be reduced with little effort.” (See, Green, The Duty to Give Accurate Information, 12 UCLA L Rev 464, 470.)
"In terms of legal theory, there is no general duty to use care just as there is no negligence in the air. The duty must always be determined with respect to the particular risk to which the victim has been subjected.” (Id., at 472.)
It has been established that negligence requires a duty of care. However, the problem of the persons to whom the defendant may be liable, already difficult in the case of intentional misrepresentation, becomes more acute where it is merely negligent. (See, Ultramares Corp. v Touche, 255 NY 170 [1931].)
In one of the leading New York cases, the court held that there is no liability imposed upon professionals for negligence which affects individuals with whom the party liable has no *899 contractual relationship. (See, Ultramares Corp. v Touche, supra.)
The court went on to state (p 189): "if there has been neither reckless misstatement nor insincere profession of an opinion, but only honest blunder, the ensuing liability for negligence is one that is bounded by the contract, and is to be enforced between the parties by whom the contract has been made.”
In the case of Calamari v Grace (98 AD2d 74, 78 [2d Dept 1983]), the court held: "It is a generally accepted tenet of New York law that a duty directly assumed for the benefit of a particular person or entity does not extend to third parties who were not intended beneficiaries of the subject undertaking. There is no liability for injuries sustained by members of the general public who might potentially be affected by negligence in the promised performance (Moch Co. v Rensselaer Water Co., 247 NY 160, 168; Oathout v Johnson, 88 AD2d 1010; 2 Harper and James, Torts, § 18.6, pp 1049-1051). The underlying principle is that the imposition of a duty upon one unable to control the tort-feasor would be unduly onerous (Pulka v Edelman, 40 NY2d 781, 784, mot for rearg den 41 NY2d 901).”
Assuming competence on the part of one who performs a professional service, diligence and good faith may be all that is required to satisfy his undertaking and at that point all liberty is cut off. This is the standard of performance in making investigations, giving advice and opinions and in the preparation of documents.
In the case of Glanzer v Shepard (233 NY 236, 240 [1922]) the court stated: "The controlling circumstance is not the character of the consequence, but its proximity or remoteness in the thought or purpose of the actor.”
The existing climate seems to dictate a universal effort to obtain compensation for every injury or loss regardless of fault.
The defendant Larry Press’ duty was solely to the codefendant, Exchange Insurance Co., and plaintiff does not fall into that class of persons to be protected from any alleged negligence by an insurance investigator not retained directly by the plaintiff. Liability, if any, for the negligent handling of the investigator exists between the codefendants, and not directly to the plaintiff.
The plaintiff further alleges that the defendant, Larry *900 Press, Inc., submitted false and fraudulent reports to the codefendant.
It is well established that to maintain a cause of action in fraud, there must be a false representation made with the knowledge that it is false and made with the intent to defraud the person to whom it was made; and that person believed it and relied upon it; thereby resulting in damages.
It is undisputed that on February 18, 1986, the plaintiff had a statement read to him by his nephew, wherein he expressly states that the statement is true and he subscribed to it.
Inasmuch as the plaintiff asserts to the veracity of that statement, the element of false representation is lacking; and it further implies that the plaintiff relied upon the consequences of that statement submitted.
If the plaintiff is alleging other false or fraudulent representations made by the defendant, Larry Press, Inc., to the codefendant, Exchange Insurance Co., that defense is available to the plaintiff in the prosecution of his claim against the defendant, Exchange Insurance Co.
Based upon all of the foregoing, the motion to dismiss the complaint against Larry Press, Inc., is granted; and defendant’s alternative remedy is moot.