ALFRED F. TALTON, JR., AND WIFE, DAWN W. TALTON, PLAINTIFFS v. MAC TOOLS, INC. AND ALAN CALVERT, DEFENDANTS

No. 9410SC483

(Filed 21 February 1995)

**Torts § 20 (NCI4th)— tool distributorship—action for fraud, breach of contract—prior release**

The trial court did not err by granting summary judgment for defendants where plaintiffs filed an action for breach of contract, fraud, and various other causes of action based on the sale of a tool distributorship but plaintiffs had earlier signed a release. Although plaintiffs argue that a genuine issue of fact exists as to whether defendants fraudulently procured the release, plaintiffs'

affidavits allege fraud only in the underlying transaction rather than in the procurement of the release. Plaintiffs cannot rely on their ignorance of facts giving rise to a claim for fraud as a basis for avoiding the release since the language of the release was broad enough to cover all possible causes of action whether or not the possible claims are known. Moreover, plaintiffs admitted in depositions that they read and understood the release before signing it, that they never believed that they signed the release by mistake, or that they were defrauded into signing the release. Although plaintiffs argued that there was a genuine issue of fact as to whether the release was supported by consideration, an agreement to settle a bona fide dispute does not become unenforceable for lack of consideration upon discovery of facts which would constitute a complete defense to the dispute settled.

**Am Jur 2d, Release §§ 21-25.**

Appeal by plaintiffs from order entered 27 January 1994 by Judge Dexter Brooks in Wake County Superior Court. Heard in the Court of Appeals 26 January 1994.

*Kirk, Gay, Kirk, Gwynn & Howell, by Joseph T. Howell, for plaintiffs-appellants.*

*Smith Helms Mulliss & Moore, L.L.P., by R. L. Adams and J. Donald Hobart, Jr., for defendants-appellees.*

WALKER, Judge.

Defendant Mac Tools is an Ohio Corporation which manufactures and markets tools through its distributors. Its District Sales Manager in Wake County, defendant Alan Calvert, sold a distributorship to plaintiff in July 1988. Distributors enter into Distributor Agreements with Mac Tools which require them to purchase or lease a Mac van, fill it with tools purchased from Mac, and resell the tools to customers within a given territory.

Plaintiff's earnings from the distributorship were not what he expected and thus in approximately August of 1990, after two years of operation, plaintiff terminated his distributorship. Subsequently, in October 1990, Mac Tools sought to collect a balance of $23,590.83 which plaintiff owed for participation in its customer and distributor financing programs. Plaintiff disputed the actual balance owed on this account. After consulting with an attorney, plaintiffs offered, by

## TALTON v. MAC TOOLS, INC.

[118 N.C. App. 87 (1995)]

letter dated 19 November 1990, to pay $8,527.91 on the account and to release "any claims by or for the benefit of Alfred Talton and/or Dawn Talton arising before this date against Mac Tools, Inc." in settlement of "all claims of Mac Tools arising out of [the account]."

Thereafter, defendant drafted a "Mutual Release" which contained the above terms and included a release by Mac Tools of "any and all claims . . . arising out of or in any manner related to the operation by Alfred F. Talton, Jr. of a Mac Tools distributorship prior to the date hereof and all past and present agreements between [the parties]." Also, plaintiff would release "Mac Tools, Inc. and its . . . employees from any and all claims . . . arising out of or in any manner related to the previous purchases of goods, materials and services up to and including the date of the execution of this Mutual Release and in any manner related to the transaction which is the operation by Alfred F. Talton, Jr. of a Mac Tools distributorship, . . . whether direct or contingent, liquidated or unliquidated, including but not limited to any stated or unstated claims." The release further stated that "[i]t is the specific intent of this Mutual Release to release and discharge any and all claims and causes of action of any kind or nature whatsoever which may exist, might be claimed to exist, or could have been claimed to exist by Mac Tools, Inc. against [plaintiffs] and by [plaintiffs] against Mac Tools, Inc. . . . ." Plaintiffs and Mac Tools executed said "Mutual Release" on 20 December 1990 and 21 January 1991, respectively.

Over two years later, on 9 March 1993, plaintiffs filed this action for breach of contract, fraud, and various other causes of action arising out of his operation of a Mac Tools distributorship. Plaintiffs alleged in their complaint that Mr. Talton did not know of the facts which would support the claims set out in the complaint or any facts which might have led to their discovery until after the Mutual Release was signed.

Defendants filed a joint motion for summary judgment on 13 September 1993, asserting that any claims alleged in the complaint were released in the "Mutual Release." To prove the release, defendants submitted the affidavit of Jim Conrad, a Mac Tools' collection representative who attempted to collect plaintiff's account of $23,590.83. Mr. Conrad's affidavit summarized his efforts to collect the balance from plaintiff and the events leading up to and including the execution of the mutual release. Copies of plaintiffs' settlement proposal and the signed mutual release were attached to his affidavit.

In opposition to defendants' motion, plaintiffs submitted affidavits which stated that after signing the mutual release they discovered that defendants had made false representations which induced Mr. Talton into entering the Distributor Agreement with Mac Tools. Specifically, Alfred Talton affied that after signing the release, he discovered that representations made by Alan Calvert about the level of risk involved in operating a distributorship, the effort required to make a profit, and the potential for financial success were misrepresentations and that Mr. Talton had been induced into entering the Distributor Agreement "based upon fraudulent statements and misprepresentations made by [defendants]."

On 13 September 1993 defendants made a motion for summary judgment. By order entered 27 January 1994, the court granted defendants' motion for summary judgment. Plaintiffs appeal.

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no geniune issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). Where the execution of a release based on valuable consideration is admitted or established by the evidence it provides a complete defense to an action for damages. In such a case, plaintiff must "prove the matter in avoidance of the release" in order to defeat defendants' motion for summary judgment. *Watkins v. Grier*, 224 N.C. 339, 342, 30 S.E.2d 223, 225 (1944). A release is subject to avoidance by a showing that its execution resulted from fraud or a mutual mistake of fact. *Cunningham v. Brown*, 51 N.C. App. 264, 269, 276 S.E.2d 718, 723 (1981).

Plaintiffs argue that summary judgment should not have been granted because a genuine issue of fact exists as to whether or not defendants fraudulently procured the release. We disagree. Plaintiffs' affidavits allege fraud only in the underlying transaction to which the release relates rather than fraud in the procurement of the release. Plaintiffs agreed to release defendants "from any and all claims" which are "in any manner related to the transaction which is the operation by Alfred F. Talton, Jr. of a Mac Tools distributorship, . . . whether direct or contingent, liquidated or unliquidated, including but not limited to any stated or unstated claims." Since this language was broad enough to cover all possible causes of action, whether or not the possible claims are all known, plaintiffs cannot rely on their

**TALTON v. MAC TOOLS, INC.**

[118 N.C. App. 87 (1995)]

ignorance of facts giving rise to a claim for fraud as a basis for avoiding the release. *See Merrimon v. Telegraph Co.*, 207 N.C. 101, 105-06, 176 S.E. 246, 248 (1934) (language in a release may be broad enough to cover all possible causes of action whether or not the possible claims are all known).

Moreover, defendants submitted depositions of the plaintiffs in which plaintiffs admit that they read and understood the release before signing it. Plaintiffs also admit that they never believed that they signed the release by mistake, thinking the release was something else, or that they were defrauded into signing the release.

Plaintiffs further argue that the evidence tended to show that plaintiffs had a complete defense to Mac Tools' claims based upon defendants' fraudulent conduct and thus created a genuine issue of fact as to whether the release was supported by consideration. Assuming arguendo that the evidence tended to show a complete defense to Mac Tools' claims, we disagree that such evidence would create an issue of fact as to whether the release was supported by consideration. An agreement to settle a bona fide dispute does not become unenforceable for lack of consideration upon discovery of facts which would constitute a complete defense to the dispute settled. *See Carding Specialists v. Gunter & Cooke*, 25 N.C. App. 491, 495, 214 S.E.2d 233, 236 (1975) (agreement settling claim for patent infringement binding despite a court's decision that patent invalid where parties had a bona fide dispute over patent validity and infringement at the time of executing agreement).

Pursuant to Rule 10(d) of the North Carolina Rules of Appellate Procedure, defendants cross-assigned error to the court's denial of their motion to exclude plaintiffs' opposing affidavits and exhibits. Since we affirm the order granting summary judgment, we need not address this issue.

Affirmed.

Judges GREENE and LEWIS concur.