656 So.2d 1338 (1995)
Leon Benjamin KING, Appellant/Cross-Appellee,
v.
NATIONAL SECURITY FIRE AND CASUALTY COMPANY and GAB Business Services, Inc., Appellees/Cross-Appellants.
Nos. 93-2946, 93-3653.
District Court of Appeal of Florida, Fourth District.
June 14, 1995.
Richard W. Slawson of Slawson & Glick, Palm Beach Gardens and Jane Kreusler-Walsh of Jane Kreusler-Walsh, P.A., West Palm Beach, for appellant/cross-appellee.
G. Bart Billbrough and Kip O. Lassner of Walton Lantaff Schroeder & Carson, Miami, for appellee/cross-appellant-GAB Business Services, Inc.
*1339 PER CURIAM.
Leon Benjamin King appeals from an order granting summary judgment in favor of GAB Business Services, Inc. (hereinafter "GAB"). GAB cross appeals from the order taxing costs in this case.
The only issue on the main appeal is whether appellant, the insured, can maintain an action for simple negligence against appellee, the independent insurance adjuster. In Florida, an independent insurance adjuster owes a duty to the insurance company arising out of the contract between the insurance company and the independent adjuster, and does not owe a duty to the insured unless the insured is suing for an intentional tort under Howard v. Crawford & Co., 384 So.2d 1326 (Fla. 1st DCA 1980). In this case, appellant sued appellee in simple negligence, not on contract or intentional tort principles.
Conceding that there are no Florida cases on point, appellant cites Continental Ins. Co. v. Bayless and Roberts, Inc., 608 P.2d 281 (Alaska 1980), in support of its position. The problem with relying on Continental is that Alaska's insurance law is fundamentally different than Florida's insurance law. In Continental, the Alaska Supreme Court held:
We ... join those jurisdictions holding `that an insurer, defending an action against the insured, is bound to exercise that degree of care which a man of ordinary prudence would exercise in the management of his own affairs, and if the insurer fails to meet that standard it is liable to the insured for the excess of the judgment over the policy limits, irrespective of fraud or bad faith.'

608 P.2d at 293 (emphasis in original) (citations omitted). This holding is contrary to the well-established law in Florida that only allows an insured to sue an insurer for bad faith and not simple negligence. See Thomas v. Lumbermens Mut. Casualty Co., 424 So.2d 36 (Fla. 3d DCA 1982); Boston Old Colony Ins. Co. v. Gutierrez, 386 So.2d 783 (Fla. 1980), cert. denied, 450 U.S. 922, 101 S.Ct. 1372, 67 L.Ed.2d 350 (1981); § 624.155, Fla. Stat. (1991).
An insurance adjuster acts on behalf of the insurer. Old Republic Ins. Co. v. Von Onweller Const. Co., 239 So.2d 503, 504 (Fla. 2d DCA 1970). The duties of an insurance adjuster vary and are defined by the terms of the contract between the insurer and the adjuster. Absent intentional torts, as in Howard v. Crawford & Co., breach of this duty subjects the adjuster to liability for the insurer's resulting loss and the insurer can seek indemnity for liability accruing from the adjuster's negligence. See GAB Business Servs., Inc. v. Syndicate, 809 F.2d 755 (11th Cir.1987).
Since Florida law does not recognize a cause of action by an insured against an independent insurance adjuster in simple negligence, we affirm the trial court's order granting summary judgment in favor of appellee.
On the cross appeal, appellee/cross-appellant takes issue with the trial court's denial of costs relating to its retention of Donald Korman, Esq., to render an expert opinion regarding the negligence of the insurance adjuster. We affirm, finding that the trial court did not abuse its discretion in denying these costs because testimony of Donald Korman was not relied on by appellee/cross-appellant in its motion for summary judgment and served no useful purpose in determining the issue before the trial court. See Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022, 1025 n. 1 (Fla. 1991); Caceres v. Physicians Protective Trust, 489 So.2d 869 (Fla. 3d DCA 1986). Appellee/cross-appellant also takes issue with the trial court's denial of its costs related to the expense of document production which the trial court deemed irrelevant to the summary judgment. We likewise affirm the trial court's denial of these costs finding no abuse of discretion.
AFFIRMED.
HERSEY, FARMER and STEVENSON, JJ., concur.