991 P.2d 267

**George MEINEKE and Elizabeth Meineke, husband and wife, Plaintiffs–Appellants,**

v.

**GAB BUSINESS SERVICES, INC., a Delaware corporation; Roger D. Grady and Jane Doe Grady, husband and wife; and Robert J. McMullin and Jane Doe McMullin, husband and wife, Defendants–Appellees.**

No. 1 CA–CV 98–0623.

Court of Appeals of Arizona, Division 1, Department B.

July 13, 1999.

Review Denied Jan. 4, 2000.

Goodman Law Firm, P.C. by Mark N. Goodman, Lonnie K. McDowell, Prescott, Attorneys for Plaintiffs–Appellants.

Ricker & Bustamante, L.L.P. by Keith Ricker, Phoenix, Attorneys for Defendants–Appellees.

OPINION

TOCI, Judge.

¶ 1 George and Elizabeth Meineke ("appellants") appeal from the trial court's entry of summary judgment in favor of GAB Business Services, Inc. ("GAB"), Roger Grady, and Robert McMullin (collectively "defendants"). The primary issue in this case is whether GAB, an independent adjusting firm hired by appellants' insurer, Hartford/Twin City Insurance Company ("Twin City"), owed a duty to appellants in adjusting their fire loss, separate from the duty GAB owed its principal, Twin City. Because the scope of GAB's agency relationship with Twin City is necessarily measured by the terms of the contract between them, we decline to impose a separate duty on GAB in favor of appellants. We therefore affirm the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In 1989, appellants made a claim under their Twin City homeowners insurance policy for loss suffered when a fire destroyed their home. Twin City retained GAB and its employees, Grady and McMullin, licensed insurance adjusters, to investigate appellants' claim. Appellants disputed Twin City's determination of their loss and brought this lawsuit against Twin City and defendants, asserting claims for breach of contract, bad faith, punitive damages, and negligence.

¶ 3 Defendants moved for partial summary judgment on the claims for breach of contract, bad faith, and punitive damages, alleging that no contract existed between them and appellants on which to base these claims. The trial court granted the motion and entered judgment in defendants' favor. Appellants did not appeal from that judgment.

¶ 4 Thereafter, defendants moved for summary judgment on the remaining negligence claim, arguing that they did not owe any duty to appellants. The trial court granted this motion and entered a final, appealable order granting summary judgment on the negligence count.

## II. DISCUSSION

### A. Trial Court's Dismissal of Appellants' Claims Did Not Render This Appeal Moot

■ ¶ 5 After the trial court granted summary judgment for defendants, it dismissed all of appellants' remaining claims against Twin City as a sanction for appellants' repeated violations of court orders and the Arizona Rules of Civil Procedure. Defendants assert that this dismissal would have applied to them as well but for the earlier order granting them summary judgment. They contend this appeal is moot because even if summary judgment was erroneously granted, the trial court would have dismissed appellants' claims against them as part of the sanction order.

¶ 6 For several reasons, we disagree. First, the trial court's dismissal order pertained only to appellants' claims against Twin City. Nothing in this record demonstrates that the dismissal order would have also applied to defendants. Furthermore, the dismissal order was never finalized. Appellants moved for reconsideration or to alter or amend the order and for new trial. Before the court could rule on these motions, appellants and Twin City settled the lawsuit. The trial court then vacated its prior order of dismissal for sanctions and entered a stipulated order of dismissal in accord with the parties' settlement agreement. Under these circumstances, we would have to engage in conjecture to conclude that the trial court would have ultimately dismissed as a sanction all of appellants' claims against defendants. Accordingly, we conclude this appeal is not moot and address the issues raised.

### B. Trial Court Did Not Err in Granting Summary Judgment for Defendants on Appellants' Negligence Claim

■ ¶ 7 The trial court granted summary judgment to defendants on appellants' negligence claim on the basis that defendants owed no legal duty to appellants. In reviewing a grant of summary judgment, we view the facts in the light most favorable to the nonmovant. *See Estate of Hernandez v. Fla-*

*vio,* 187 Ariz. 506, 509, 930 P.2d 1309, 1312 (1997). Summary judgment is appropriate only when the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. *See Mohave Electric Coop., Inc. v. Byers,* 189 Ariz. 292, 302, 942 P.2d 451, 461 (App.1997).

■ ¶ 8 In a negligence action, the plaintiff must demonstrate that the defendant breached a duty the defendant owed the plaintiff and that the plaintiff was damaged as a result of that breach. *See Davis v. Cessna Aircraft Corp.,* 182 Ariz. 26, 30, 893 P.2d 26, 30 (App.1994). "The threshold issue of whether the defendant owed any duty of care to the plaintiff is usually decided by the court as a matter of law." *Id.* at 30–31, 893 P.2d at 30–31. In determining the duty issue, the court must examine whether the defendant has an obligation to the plaintiff, *see id.* at 31, 893 P.2d at 31, keeping in mind that duty is " 'an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.' " *Ontiveros v. Borak,* 136 Ariz. 500, 508, 667 P.2d 200, 208 (1983) (quoting W. Prosser, *Handbook on the Law of Torts* § 42, at 324–27 (4th ed.1971)).

¶ 9 Appellants rely on *Napier v. Bertram,* 191 Ariz. 238, 954 P.2d 1389 (1998), to support their assertion that defendants owed a duty to them. Appellants argue that our supreme court in *Napier* pointed out that a professional should be liable where a third party depends upon the professional and the injury to the third party is a foreseeable result of the professional's negligence. According to appellants, they fit within the *Napier* rationale because they were dependent upon GAB and, as insureds, they are foreseeable and specific third parties who might be injured by GAB's negligent investigation of their claim.

¶ 10 Napier was an injured taxicab passenger who sued the owner of the taxicab, Daniel Bertram, his insurance company, A & N Insurance Services, Inc., and its agent, Charles Meese, for negligently failing to procure uninsured motorist coverage for occupants of the taxicab.[1] *See id.* at ¶ 4. The

---

1. Meese apparently obtained uninsured motorist coverage for the taxicab from St. Louis Fire &

trial court awarded summary judgment in favor of Bertram. Finding that Napier had no cause of action against Meese and A & N, the trial court granted their motion for judgment on the pleadings.

¶ 11 On appeal, this court reversed, holding that Napier had a claim against the taxicab owner, Bertram, and the insurer's agent, Meese, for negligently failing to obtain uninsured motorist coverage. We concluded that the insurer and its agent had a duty to Napier to obtain uninsured motorist coverage for the benefit of Napier. We reasoned that the duty extended to Napier because he was a "foreseeable victim" of the insurer's negligent failure to obtain coverage. *See Napier v. Bertram*, 188 Ariz. 410, 937 P.2d 332 (App. 1996).

¶ 12 The Arizona Supreme Court reversed, holding that an insurance agent has no duty to a non-client taxicab passenger to procure statutorily-mandated uninsured motorist coverage for the owner of the taxicab. *Napier*, 191 Ariz. at ¶¶ 13, 21, 22, 954 P.2d at ¶¶ 13, 21, 22. The court found, however, that the agent could be liable to the owner for failure to procure insurance. *See id.* at ¶¶ 21, 22. The court stated that "the general rule is that a professional owes *no* duty to a non-client unless special circumstances require otherwise." *Id.* at ¶ 15.

¶ 13 Our supreme court's rationale in *Napier* aids in our analysis here. *Napier* indeed states the proposition upon which appellants rely: that in limited circumstances our courts have found a duty where there was a foreseeable risk of harm to a non-client whose protection depended on the actor's conduct. *See id.* Concluding that *Napier* was such a case, the court nevertheless refused to create a duty from the insurance agent to the non-client passenger. The court observed that the same argument in favor of imposing a duty could be made in the situation in which an agent fails to procure mandatory liability coverage for an automobile owner who negligently injures another. *See id.* at ¶ 20. According to the supreme court, recognition of such a broad duty "would impose on agents a duty to a vast number of non-clients—literally all who reside in or travel in this state," and "would, as a matter of policy, work a fundamental change in our law." *Id.*

■ ¶ 14 The *Napier* court also made the following observation, one that applies by analogy to this case: if the client controls the choices about the existence, level, and scope of desired insurance coverage, the relationship between the non-client and the agent is sufficiently attenuated that a duty to third parties should not be imposed. *See id.* at ¶ 18. Here, because the duties of an insurance adjuster vary and are defined by the terms of the contract between the insurer and the adjuster, *see King v. National Security Fire and Casualty Co.*, 656 So.2d 1338, 1339 (Fla.Dist.Ct.App.1995), the insurer client is entitled to make choices about the nature and extent of the adjuster's investigation of the non-client insured's claim. Although the insurer's obligation to the insured remains constant, the insurer may limit or expand the duties of the adjuster as it sees fit.

■ ¶ 15 We conclude that the relationship between adjuster and insured is sufficiently attenuated by the insurer's control over the adjuster to be an important factor that militates against imposing a further duty on the adjuster to the insured. *Accord Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 917 (Tex.App.1997) (insured may not maintain negligence claim against adjuster because adjuster's duties are contractual ones owed solely to insurer); *King*, 656 So.2d at 1339 (insured may not bring simple negligence action against independent insurance adjuster); *Velastequi v. Exchange Ins. Co.*, 132 Misc.2d 896, 505 N.Y.S.2d 779, 780 (N.Y.Civ.Ct.1986) (adjuster's duty is to insurer and based in contract; therefore, insured may not sue adjuster for negligence in investigating claim).

■ ¶ 16 More important, as in *Napier*, imposing a duty on the adjuster in these circumstances would work a fundamental

Marine Insurance, Inc. After the accident, St. Louis either denied coverage or failed to provide

it. *See id.* at ¶ 3.

change in the law. The law of agency requires a duty of absolute loyalty of the adjuster to its employer, the insurer. *See* Restatement (Second) of Agency ("Restatement") § 387 (1958). The independent adjuster's obligation is measured by the contract between the adjuster and the insurer. The adjuster that contracts to perform a $200 investigation is not obligated to expend the same effort that might be reasonable for a fee of $2000, nor is it obligated to continue when the insurer advises it to stop. Creating a separate duty from the adjuster to the insured would thrust the adjuster into what could be an irreconcilable conflict between such duty and the adjuster's contractual duty to follow the instructions of its client, the insurer. *See Lombardo v. Albu*, 299 Ariz. Adv. Rep. 13, ¶ 19, 1999 WL 527553 (App. July 13, 1999).

¶ 17 The relationship between insurer and insured is defined by the terms of the policy and the implied covenant of good faith and fair dealing. *See Miel v. State Farm Mutual Automobile Ins. Co.*, 185 Ariz. 104, 111, 912 P.2d 1333, 1340 (App.1995). In *Miel*, we held that the insurer's mishandling of a claim does not give rise to a claim for simple negligence. *Id.* If the insurer mishandles a claim, its insured may be entitled to recover compensatory damages for breach of contract, or damages in tort if the insurer's actions rise to the level of bad faith. *See id.*

¶ 18 We see no reason to apply a different rule when the insurer's agent, the adjuster, mishandles a claim. In that circumstance, the adjuster's actions are imputed to the insurer. *See* Restatement § 140. If the adjuster mishandles the claim, the insurer has the same liability to the insured as if an employee of the insurer had mishandled the claim.

¶ 19 The trial court correctly concluded that defendants owed no legal duty to appellants. Therefore, we affirm the court's summary judgment in favor of defendants on appellants' negligence claim.

**C. Final Judgment was Not Inconsistent or Void Because It Simultaneously Denied and Granted Attorneys' Fees to Defendants**

¶ 20 Appellants assert the judgment in favor of defendants is void because it inconsistently both denies and awards attorneys' fees to defendants.

¶ 21 The judgment denies fees in the typed text, but the trial court wrote in a $250 fee award at the bottom of the text. This "inconsistency" is clearly explained by reference to the record. The court denied defendants' initial fee request in relation to their summary judgment motion. Thereafter, appellants filed numerous motions, including motions contesting the proposed judgment and defendants' statement of costs, and requesting the court to sanction opposing counsel. The court found these motions without merit and, in several cases, "groundless, frivolous and vexatious" and "in violation of Rule 11." Accordingly, the court awarded defendants attorneys' fees incurred in responding to these motions. Because the alleged inconsistency is easily resolved by reference to the record, we do not find any defect in the judgment. *See State v. Bowles*, 173 Ariz. 214, 216, 841 P.2d 209, 211 (App.1992) (concluding that remand was unnecessary because inconsistency in oral pronouncement of sentence and minute entry was clarified by reference to record).

**III. CONCLUSION**

¶ 22 The trial court did not err in concluding that defendants owed no duty of due care to appellants. We therefore affirm the summary judgment in their favor on appellants' negligence claim.

CONCURRING: NOEL FIDEL, Presiding Judge, and JAMES B. SULT, Judge.