JAMES A. KOCH AND WIFE, KATHLEEN T. KOCH, PLAINTIFFS v. BELL, LEWIS & ASSOCIATES, INC., KENNETH V. TRAVIS, SOUTHERN GUARANTY INSURANCE COMPANY, AND SOUTHERN PILOT INSURANCE COMPANY, FORMERLY KNOWN AS JEFFERSON-PILOT FIRE & CASUALTY COMPANY, DEFENDANTS

No. COA04-1532

(Filed 21 March 2006)

**1. Insurance— synthetic stucco—action against adjustor by third-party**

An independent adjuster for a stucco contractor's liability insurers owed no duty to homeowners as third-party claimants and thus could not be held liable to them on a negligence theory for representations made by the adjuster regarding the stucco contractor's ability to do stucco work pursuant to the homeowners' settlement agreement with the insurer.

**2. Unfair Trade Practices— third party claim against insurance company—not recognized**

North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party based on unfair and deceptive trade practices, and the trial court correctly dismissed plaintiffs' claims.

### 3. Release— insurance companies—summary judgment

The trial court did not err by granting summary judgment in favor of two insurance companies in a synthetic stucco case where the two companies had been discharged by a release.

Appeal by plaintiffs from orders entered 8 June 2004 and 20 July 2004 by Judge Andy Cromer in the Superior Court in Guilford County. Heard in the Court of Appeals 18 August 2005.

*Tuggle Duggins & Meschan, P.A., by J. Reed Johnston, Jr., and Rebecca A. Niburg, for plaintiff-appellants.*

*Horton and Gsteiger, P.L.L.C., by Urs R. Gsteiger, for defendant-appellees Bell, Lewis & Associates, Inc. and Kenneth V. Travis.*

*Pinto Coates Kyre & Brown, P.L.L.C., by Richard L. Pinto, for defendant-appellees Southern Guaranty Insurance Company and Southern Pilot Insurance Company, formerly known as Jefferson-Pilot Fire & Casualty Company.*

HUDSON, Judge.

In 1995, R & H Stucco & Wall Systems, subsequently known as Quality Stucco Systems Inc. ("Quality") applied synthetic stucco cladding to the outside of plaintiffs' new home. In 1996, after they discovered that the cladding was defective, plaintiffs made a claim against Quality. Quality had liability insurance through defendants Southern Guaranty Insurance Company ("Southern") and Southern Pilot Insurance Company ("Southern Pilot"). Defendant Bell, Lewis & Associates ("Bell Lewis") served as the adjusters for defendant insurers. After plaintiffs filed their claim, defendant Kenneth V. Travis, a senior adjuster employed by Bell Lewis, contacted plaintiffs and informed them that the insurance companies would pay a portion of the cost to re-clad their home only if they agreed to use Quality to do so. Plaintiffs expressed reluctance to use Quality again and Travis assured them that Quality would apply durable stucco and do a good job. Plaintiffs agreed to allow Quality to re-clad their home and received $10,000 in return, and plaintiffs signed a general release of all claims. Quality replaced the synthetic stucco with hard coat stucco in 1997.

In 2001, plaintiffs discovered that the hard coat stucco applied by Quality had completely failed. A third-party inspection revealed that Quality had violated building code provisions and had failed to prop-

erly apply the base coat, seal the system penetrations, and install necessary elements of the stucco system. Defendant insurance companies refused to pay for any of plaintiffs' losses because Quality had not renewed its liability insurance.

In 2004, plaintiffs filed suit in Superior Court in Guilford County, alleging negligence, negligent failure to warn, negligent misrepresentation, and unfair and deceptive trade practices. Each cause of action concerned the representations made by Travis regarding Quality's ability to do the stucco work. Defendants Bell Lewis, Southern, and Southern Pilot were included under master-servant and principal-agent theories.

[1] Plaintiffs argue first that the trial court erred in dismissing their actions. We disagree. Although the claims against Bell Lewis and Travis were dismissed pursuant to a 12(b)(6) motion, while those against Southern and Southern Pilot were dismissed when the court granted these defendants summary judgment, plaintiffs argue these assignments of error together in their brief. However, we will address them separately.

We review the trial court's grant of a 12(b)(6) motion to dismiss *de novo. Grant Constr. Co. v. McRae*, 146 N.C. App. 370, 373, 553 S.E.2d 89, 91 (2001). "The question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Id.* (internal citation omitted). "[A] complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Id.* (emphasis in original, internal citations and quotation marks omitted).

In order for plaintiffs to prevail on negligence claims, they must show both that defendants owed them a legal duty and that they failed to exercise due care in their performance of this duty. *Barnes v. Caulborne*, 240 N.C. 721, 725, 83 S.E.2d 898, 901 (1954). This case presents a question of first impression for this Court: whether under North Carolina law an independent insurance adjuster (Bell Lewis and Travis) owes a legal duty to claimants (plaintiffs) who are not the insured (Quality) of the insurance company (Southern and Southern Pilot). Recognizing that there are no North Carolina cases on point, plaintiffs cite cases from other jurisdictions that they contend support their theory that they could recover as third-party claimants

KOCH v. BELL, LEWIS & ASSOCS., INC.

[176 N.C. App. 736 (2006)]

from independent insurance adjusters for negligence. Our review of these cases reveals that they do not support plaintiffs' position; indeed, none of them involve an independent adjuster's duty to a third-party claimant in the context of a negligence claim. *Dussault v. Am. Int'l Group, Inc.*, 99 P.3d 1256 (Wash. Ct. App. 2004) (insurer only owes duty to third-party claimant to refrain from intentional tortious acts); *Railsback v. Mid-Century Ins. Co.*, 680 N.W.2d 652 (S.D. 2004) (insurer may not materially misrepresent its policy limits in settlement negotiations with third-party claimant); *McGee v. Omni Ins. Co.*, 840 So.2d 1248 (La. App. 3d Cir. 2003) (insurer must consider interests of insured and protect it from excess liability in handling claim); *Farm Bureau Mut. Ins. Co. of Indiana v. Seal*, 179 N.E.2d 760 (1962) (fraud claim against insurance company whose employee fraudulently induced plaintiff into signing a release is no different than any other action for fraud); *Obad v. Allstate Ins. Co.*, 27 A.D.2d 795 (N.Y.A.D. 1967) (complaint alleging bad faith by insurance company in procuring settlement sufficient to satisfy pleading rules).

Courts in a majority of jurisdictions have held that a negligence claim cannot be brought against an independent insurance adjuster by a claimant. *Charleston Dry Cleaners & Laundry v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 589 (2003); *Meineke v. GAB Business Servs.*, 991 P.2d 267, 270 (Ariz. Ct. App. 1999); *Sanchez v. Lindsey Morden Claims Servs., Inc.*, 84 Cal.Rptr.2d 799, 802 (Cal. Ct. App. 1999); *King v. National Security Fire and Cas. Co.*, 656 So.2d 1338 (Fla. Dist. Ct. App. 1995), *Velastequi v. Exchange Ins. Co.*, 505 N.Y.S.2d 779, 780 (N.Y. Civ. Ct. 1986). *Cf. Bass v. California Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss. 1991) (adjuster not liable to insured for simple negligence, but can incur liability for gross negligence, malice, or reckless disregard). In so holding, courts have noted that because the relationship between an independent adjuster and an insurer is contractual, the adjuster is subject to the control of the insurer to which it owes a duty. In contrast, an independent adjuster has no contractual duties to an insured. Thus, as the Arizona Court held, "the relationship between adjuster and insured is sufficiently attenuated by the insurer's control over the adjuster to be an important factor that militates against imposing a further duty on the adjuster to the insured." *Meineke*, 991 P.2d at 270. We note that in *Meineke*, as well as the other cases cited above, the plaintiffs were the insured. Here, as the plaintiffs are not the insured, but are third-party claimants, we conclude that the relationship between the adjuster and plaintiff claimants is even more "attenuated" than if they were the insured.

Indeed, the minority of jurisdictions that have concluded that an independent adjuster may be held liable for negligence have held that the independent adjuster owes the duty to *the insured*. *See Continental Ins. Co. v. Bayless and Roberts, Inc.*, 608 P.2d 281 (Alaska 1980); *Morvay v. Hanover Ins. Co.*, 506 A.2d 333 ( N.H. 1986); *Brown v. State Farm Fire and Cas. Co.*, 58 P.3d 217 (Okla. Ct. App. 2002). Furthermore, we conclude that the same logic that compelled the the California Court of Appeals to hold that there was no duty of an adjuster to the insured, applies even more clearly here, where the claimants are not the insured:

> Imposing a duty [] would subject the adjuster to conflicting loyalties. Insurers and insureds often disagree as to coverage or the amount of loss. An adjuster cannot argue both sides of such disputes, any more than a lawyer can represent opposite sides in a lawsuit. An adjuster owes a duty to the insurer who engaged him. A new duty to the insured would conflict with that duty, and interfere with its faithful performance. This is poor policy.

*Sanchez*, 84 Cal.Rptr.2d at 802. Thus, we hold that the trial court did not err in dismissing plaintiffs' negligence claims against Bell Lewis and Travis.

[2] We also conclude that the trial court correctly dismissed plaintiffs' claims against Bell Lewis and Travis for unfair and deceptive trade practices. In *Wilson v. Wilson*, this Court held that North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party based on unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. 121 N.C. App. 662, 665, 468 S.E.2d 495, 497 (1996).

[3] We also disagree with plaintiffs' argument that the court erroneously granted summary judgment to defendants Southern and Southern Pilot. We review a trial court's grant of summary judgment to determine whether there is a genuine issue of material fact or whether the movant is entitled to judgment as a matter of law. *Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 707, 582 S.E.2d 343, 345 (2003). It is well-established that summary judgment is appropriate where the movant establishes a complete defense to plaintiffs' claims. *See, e.g., Overcash v. Statesville City Bd. of Educ.*, 83 N.C. App. 21, 26, 348 S.E.2d 524, 528 (1986). The execution of a valid release for consideration provides a complete defense to an action for damages. *Talton v. Mac Tools, Inc.*, 118 N.C. App. 87, 90, 453 S.E.2d 563, 565 (1995). Here, it is undisputed that plaintiffs signed

a release of all claims relating to problems with the cladding in exchange for the $10,000 settlement with Southern on behalf of its insured. The release expressly provides that plaintiffs

> release, acquit and forever discharge R & H Stucco and Wall Systems, Inc., and *any and all other persons, firms and corporations, whether herein named or referred to or not,* of and from *any and all past, present and future actions,* causes of action, claims, demands, damages, costs, loss of services, expenses, compensation, third party actions, suits at law or in equity, including claims or suits for contribution and/or indemnity, of whatever nature, and all consequential damage on account of, or *in any way growing out of any and all known and unknown* personal injuries, death and/or property damage . . .

(emphasis added). Plaintiffs do not challenge the validity of the release. In fact, they do not mention it in their brief. "[A] comprehensively phrased general release, in the absence of proof of contrary intent, is usually held to discharge all claims . . . between the parties." *Sykes v. Keiltex Industries, Inc.,* 123 N.C. App. 482, 473 S.E.2d 341 (1996) (ellipses in original, internal citation and quotation marks omitted). As we conclude that Southern and Southern Pilot were discharged from plaintiffs' claim by the release, we overrule this assignment of error.

Affirmed.

Judges STEELMAN and JACKSON concur.