Brown v Cerberus Capital Mgt., L.P. (2021 NY Slip Op 06074)





Brown v Cerberus Capital Mgt., L.P.


2021 NY Slip Op 06074


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 655271/17 Appeal No. 14382-14382A Case No. 2020-02637, 2020-03193 

[*1]Tonya Brown, et al., Plaintiffs-Appellants,
v
Cerberus Capital Management, L.P., et al., Defendants-Respondents.


Joshua L. Seifert PLLC, New York (Joshua L. Seifert of counsel), for appellants.
Rolnick Kramer Sadighi LLP, New York (Sheila A. Sadighi of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for respondents.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 15, 2020, which granted defendants' motion for summary judgment dismissing the causes of action for fraud (first through eighth), civil conspiracy (fourteenth), and breach of the covenant of good faith and fair dealing (fifteenth), unanimously affirmed, with costs. Order, same court and Justice, entered July 1, 2020, which denied plaintiffs' motion to compel certain discovery, unanimously affirmed, with costs.
The motion court correctly concluded that the releases in the separation agreements, which are governed by North Carolina law, were unambiguous and that they completely discharged plaintiffs' claims that arose prior to the execution of the agreements (see VF Jeanswear Ltd. Partnership v Molina , 320 F Supp 2d 412, 420 [MD NC 2004], citing Woods v Nationwide Mut. Ins. Co. , 295 NC 500, 506, 246 SE 2d 773, 777 [NC 1978]). The broad releases leave no room for doubt that plaintiffs waived any and all claims, whether known or unknown, that existed at the time the separation agreements were signed. The narrowly drafted carveouts to the releases did not preserve potential claims related to any and all of plaintiffs' profit interests; rather, the carveout provisions preserved plaintiffs' claims only as related to certain aspects of profit interests under the 2013 award agreements.
Plaintiffs argue that this Court should look beyond the plain terms of the separation agreements. However, under North Carolina law, which, as noted above, governs the agreements, courts cannot look beyond the terms of a clear and unambiguous contract to determine the intentions of the parties (Financial Servs. of Raleigh, Inc. v Barefoot , 163 NC App 387, 395, 594 SE 2d 37, 42 [NC App 2004]). In any event, the context and circumstances under which the separation agreements were executed confirm that the fraud, civil conspiracy and breach of the implied covenant causes of action fall within the scope of the releases.
Plaintiffs' arguments that the releases were void or voidable under the relevant blue sky laws are also unavailing. The antiwaiver provisions of the state blue sky laws limit releases of securities claims in connection with the purchase, acquisition, or receipt of investment advice (see e.g. NC Gen Stat § 78A-56[i]). The releases in the separation agreements were agreed to in connection with plaintiffs' receipt of severance payments and related benefits, not the purchase, acquisition, or sale of a security.
Plaintiffs' attempt to avoid the releases as procured by fraud fails because plaintiffs do not, and cannot, allege fraud in connection with the execution of the separation agreements that contain the releases, as opposed to the award agreements that were signed a year earlier (see Talton v Mac Tools, Inc. , 118 NC App 87, 90, 453 SE2d 563, 565 [NC App 1995] ["Plaintiffs' affidavits allege fraud only in the underlying transaction to which the release relates rather than fraud in the [*2]procurement of the release"]).
There is no basis for disturbing the court's exercise of discretion in denying plaintiffs' motion to compel discovery of documents that defendants have represented do not exist and that relate to a transaction that occurred five years after plaintiffs stopped working for defendants.
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021