Merrimack
No. 85-077

ALAN MORVAY & a.

v.

HANOVER INSURANCE COMPANIES & a.

March 3, 1986

*Hall, Morse, Gallagher and Anderson,* of Concord (*Charles T. Gallagher* on the brief, and *G. Wells Anderson* orally), for the plaintiffs.

*Ransmeier & Spellman,* of Concord (*Diane L. Perin* on the brief and orally), for the defendants Norman D. Roberts and Verity Research Limited.

JOHNSON, J. The plaintiffs appeal from a ruling by the Superior Court (*Dunn,* J.) dismissing count IV of a four-count writ which plaintiffs brought against the defendants for non-payment of an insurance claim. We reverse.

The plaintiffs, Alan and Katherine Morvay, owned property in Loudon which was damaged by fire on December 26, 1982. The plaintiffs carried a fire insurance policy with Hanover Insurance Companies (Hanover). Hanover hired Verity Research Limited (Verity), a Vermont corporation, to investigate the fire and received several reports from Norman D. Roberts, the employee who conducted the investigation of the fire. After Roberts filed reports indicating that the fire was of an incendiary nature, Hanover refused payment on the Morvays' claim. Subsequently, in October 1983, the plaintiffs filed suit against Hanover, Verity and Roberts to recover under their insurance policy. They alleged in count IV of their writ that defendants Verity and Roberts had negligently conducted the investigation and hence caused Hanover to deny recovery. Defendant investigators filed a motion to dismiss count IV, arguing that they were not in privity of contract with the plaintiffs and that they owed them no duty of care. Hence the count against them in negligence should be dismissed. The motion was granted and the plaintiffs appealed.

The only issue on appeal is whether the trial court erred in dismissing count IV of the writ, concluding that there was no cause of action against the defendant investigators. We hold that there was error and reverse.

First, we must articulate the standard by which we consider this appeal. "In determining whether the defendant's motion to dis-

miss should be granted, all facts properly pleaded are assumed to be true and the reasonable inferences therefrom are construed most favorably to the plaintiff." *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 610, 392 A.2d 576, 578 (1978) (citations omitted).

██ The primary purpose for entering into an insurance contract is to protect oneself against a specified peril or risk. R. H. LONG, THE LAW OF LIABILITY INSURANCE § 5.04 (Rev. ed. 1985). In this instance, the plaintiffs purchased a fire policy, intended to protect them against destruction of their property by fire. "In every insurance policy there is [an] implied covenant of good faith and fair dealing." *Gruenberg v. Aetna Insurance Company*, 9 Cal. 3d 566, 510 P.2d 1032, 108 Cal. Rptr. 480 (1973) (citations omitted); *see Dumas v. State Mut. Auto Ins. Co.*, 111 N.H. 43, 274 A.2d 781 (1971). The issue we address in this case is whether investigative agents of an insurance company, hired to conduct an investigation of an occurrence, have a duty to the insured arising out of the company's duty of good faith and fair dealing.

██ It is clear that investigators are under a general duty to use due care in the performance of their work. Investigators are licensed by the State of New Hampshire and are thus subject to regulation of their activities. RSA ch. 106-F (Supp. 1985). The case of *Devlin v. Greiner*, 147 N.J. Super. 446, 371 A.2d 380 (1977) involved an investigation which took place in the course of a divorce proceeding. While various issues were brought before the court, one issue specifically involved the conduct of the investigator. The court described the concept of "duty" as it relates to the cause of action in negligence. It explained that the duty of one to another arises out of a relation between parties and the protection against reasonably foreseeable harm. The court added that, as a detective, the

> "[d]efendant clearly had a duty to those he observed to report accurately on their activities . . . It is his business, among other things, to supply his clients with information or factual data concerning the activities of others. Where the information gathered by him is of a delicate or sensitive nature, his duty to report that information accurately should extend not only to the person who hired him, but also to the subjects of his surveillance—people whose lives may be materially affected by the accuracy of his reports."

*Id.* at 466, 371 A.2d at 391.

We have previously held that where a bank is requested by a depositor to establish a survivorship account and fails to do so, the

prospective surviving beneficiary who does not thereafter receive the funds upon the death of the depositor may have a cause of action if negligence can be proven. *Robinson v. Colebrook Savings Bank,* 109 N.H. 382, 384–85, 254 A.2d 837, 839 (1969). In that case there was no privity of contract between the plaintiff and the bank, and the loss, as here, was simply financial. In addition, the bank knew the party who would be harmed if it acted negligently.

In *Spherex, Inc. v. Alexander Grant & Co.,* 122 N.H. 898, 451 A.2d 1308 (1982), we held that accountants are liable in an action sounding in negligence to that group of persons who foreseeably may rely on the accountants' work. Hence, accountants may be held liable to persons with whom they are not in privity if they perform their work negligently and the plaintiffs are within the class of persons who could have reasonably relied on the accountants' work product. *Id.* at 904, 451 A.2d at 1312.

■ In this case, Verity and Roberts were not in privity with the plaintiffs. However, they were fully aware that the plaintiffs could be harmed financially if they performed their investigation in a negligent manner and rendered a report to Hanover that would cause the company to refuse payment to the plaintiffs. Verity and Roberts were also aware that there was a mutual duty of fair dealing between Hanover and the plaintiffs. Under these circumstances, we hold that the plaintiffs have stated a cause of action in negligence against Verity and Roberts. *See Continental Ins. Co. v. Bayless & Roberts, Inc.,* 608 P.2d 281 (Alaska 1980).

■ Although the contractual relationship exists solely between the insurer and the investigators, and the investigators may give reports only to the insurer, the insured is a foreseeably affected third party. If the investigators' report indicates a fire of incendiary nature, the insured's contract with the insurer may be unenforceable. If, on the other hand, the report indicates that the fire is not of an incendiary nature, the insured may expect the contract to be honored. Both the insured and the insurer have a stake in the outcome of the investigation. Thus, we hold that the investigators owe a duty to the insured as well as to the insurer to conduct a fair and reasonable investigation of an insurance claim and that the motion to dismiss should not have been granted.

■ We do note, however, that the scope of the investigators' duty must be determined in the light of their contract with the insurer. The investigator who contracts to perform a $200 investigation is not obligated to expend the same effort that might be reasonable for a fee of $2000, nor is an investigator obligated to continue an inquiry

when the insurer instructs him to stop. The investigator's obligation is to exercise reasonable care in performing the work within the limits set by the insurer and to advise the insurer in the event that the investigator has reason to believe that the investigation is too limited to form the basis for a reliable conclusion.

Accordingly, we reverse the decision of the lower court and remand.

*Reversed and remanded.*

All concurred.