Loenco v. Londonderry                    CV-95-455-M    09/27/96

UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


Loenco, Inc.,
      Plaintiff,

v.                                              Civil No. 95-455-M

Town of Londonderry,
Board of Sewer Commissioners;
Hoyle, Tanner & Associates, Inc.;
and Pace Industries, Inc.,
      Defendants.


                            O R D E R


      This action arises from the construction of a wastewater
pumping station in Londonderry, New Hampshire.  The contractor,
Loenco, Inc., seeks contract and tort damages from the Town of
Londonderry (the owner); Hoyle, Tanner, & Associates, Inc. (the
project engineers); and Pace Industries, Inc. (a subengineer and
equipment supplier).  Pace Industries moves to dismiss
plaintiff's negligent breach of contract,[1] third-party
beneficiary, and breach of contract claims.  For the reasons
discussed below, Pace's motions to dismiss is granted in part and
denied in part.

---

      [1]  Plaintiff concedes that New Hampshire does not recognize
a cause of action for "negligent breach of contract" and has
voluntarily withdrawn that claim.

## I.    Background

In April 1992, the Town of Londonderry ("Londonderry") launched plans to build a wastewater pumping station. Londonderry hired Hoyle, Tanner & Associates, Inc. ("Hoyle"), an engineering firm, to prepare plans and specifications for the construction of the pumping station.  Hoyle in turn retained Pace Industries, Inc. ("Pace") to draft specifications for the pumping equipment.  Specifically, Pace was to determine the size and style of pump motors and related equipment required to properly operate the pumping station.

On May 2, 1993, Londonderry advertised for construction bids.  After studying the plans and specifications provided by Hoyle to Londonderry, plaintiff submitted the successful bid, and was awarded the contract to build the pumping station.  The terms of the contract required plaintiff to construct the pumping station in accordance with the plans and specifications, and to complete the project by August 1994.  In a separate transaction, plaintiff contracted with Pace to provide plaintiff with the pump equipment necessary to complete the job.

Plaintiff began construction on August 9, 1993. Construction went smoothly until late June 1994, when plaintiff apparently discovered a problem with the specifications for the

pumping equipment.  Delays ensued and the construction was not completed by August 1994, the contract deadline.  Claiming a breach by plaintiff, Londonderry terminated the contract.

## II.  Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove."  Chasan v. Village Dist. of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).[2]

---

[2]  Both plaintiff and Pace have attached documents to their memoranda.  In all other respects, however, both parties have treated the pending motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  The limited inquiry under Rule 12 ordinarily forbids any consideration of documents not attached to the complaint, or not expressly incorporated therein unless the proceeding is converted into one for summary judgment under Rule 56.  See Fed. R. Civ. P. 12(b)(6).  The decision to convert the proceeding into one for summary judgment and to consider

## III. Discussion

### A.   Count IX Third-Party Beneficiary

Although plaintiff captions Count IX of its complaint, "Third-Party Beneficiary," it appears that plaintiff is actually attempting to plead two separate causes of action - a third-party beneficiary contract claim and a negligence claim.  For the purposes of this motion, the court will address each claim separately.

#### 1.   Contract

First, plaintiff contends that as the builder of the pumping station, it was expected to rely on the plans and specifications prepared by Hoyle and Pace, and, as such, it was a third-party beneficiary of the Hoyle/Pace contract.  Plaintiff argues that Pace breached that contract by providing defective specifications.

Under New Hampshire law, a third-party beneficiary relationship exists if:  (1) the contract calls for performance

_____

extrinsic materials rests with the court's discretion.  <u>Watterson v. Page</u>, 987 F.2d 1, 3-4 (1st Cir. 1993).  The court elects to exclude matters outside the pleadings rather than provide the parties with an opportunity to present at this time all materials made pertinent to such motions by Fed. R. Civ. P. 56, and declines to convert the motions to dismiss into motions for summary judgment.

by the promisor which will satisfy some obligation owed by the promisee to the third party; or (2) the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract. <u>Tamposi Assoc., Inc. v. Star Market Co., Inc.</u>, 119 N.H. 630, 631 (1979). A plaintiff who merely receives a pecuniary benefit from a contract is not a third-party beneficiary, but an incidental beneficiary, with no enforceable rights under the contract. <u>Arlington Trust Co. v. Estate of Wood</u>, 123 N.H. 765, 768 (1983).

Plaintiff does not allege that the Hoyle/Pace contract required some performance by Pace that would satisfy some obligation owed by Hoyle to plaintiff. Rather, plaintiff argues that its relationship to the Hoyle/Pace contract satisfies the second, alternative test — that Hoyle and Pace contracted with the specific intent of making plaintiff a third-party beneficiary. The argument is not persuasive.

Although plaintiff could not construct the pumping station without Pace's specifications, it is not evident that Hoyle and Pace contracted with the intent of making plaintiff a third-party beneficiary. Under its contract with Hoyle, Pace could complete its promised performance (providing pump equipment specifications

5

to Hoyle) without conferring or intending to confer any benefit on plaintiff. There is no clear language indicating that Hoyle and Pace contemplated benefitting plaintiff, rather it is clear that Hoyle contracted with Pace to enable Hoyle to perform under its contract with Londonderry. Thus, any benefit that plaintiff received from the Hoyle/Pace contract must be regarded as merely incidental.

Moreover, plaintiff's argument that it relied upon the specifications that resulted from the Hoyle/Pace contract and is thereby a third-party beneficiary is not legally sound. Reliance alone, even if foreseeable, is insufficient for a third party to maintain a claim for breach of contract where there is no privity of contract. 4 Arthur L. Corbin, Corbin on Contracts § 779B (1951); see also, e.g. National Sav. Bank v. Ward, 100 U.S. 195 (1879); Detweiler Bros., Inc. v. John Graham, 412 F.Supp. 416, 418 (E.D. Wash. 1976); M.D. Thompson v. Huston & Assoc., 899 S.W.2d 415, 419 (Tex. Ct. App. 1995). Thus, plaintiff is merely an incidental beneficiary of the Hoyle/Pace contract with no rights to sue for breach of that contract.

## 2. Tort

Plaintiff asserts that Pace, as design professionals, owed plaintiff, a foreseeably affected third person, a duty of due care. Plaintiff further asserts that Pace negligently breached that duty of due care, thus causing plaintiff "severe financial hardship."

In determining a professional's duty of care to a third party not in privity of contract, New Hampshire has adopted the position of the Restatement (Second) of Torts. See Simpson v. Calivas, 139 N.H. 1, 5 (1994); Morvay v. Hanover Ins. Co., 127 N.H. 723, 724 (1986); Spherex, Inc. v. Alexander Grant & Co., 122 N.H. 898, 903 (1982). Under the Restatement, professionals who supply defective information for the guidance of others in their business transactions are liable for reasonably foreseeable pecuniary loss caused by that dissemination. Restatement (Second) of Torts § 552(1). However, a professional's liability for negligence is limited to losses suffered by a "person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it." Restatement (Second) of Torts § 552(2)(a) (emphasis added). The critical factor in determining liability is the relationship of the professional to the third party. Demetracopoulos v. Wilson, 138 N.H. 371, 375 (1994); Spherex, 122

7

N.H. at 905.  For example, in Spherex, the court ruled that an accountant could be held liable in tort to that group of persons who foreseeably relied on the accountant's work.  122 N.H. at 904.  The court held that it was reasonably foreseeable that financial statements prepared by the accountant (for the purposes of obtaining credit), would be provided to and relied upon by a creditor.  Id. at 905.

Further, in Morvay, the court ruled that an insurance investigator could be held liable by an insured for negligence.  127 N.H. at 726.  Although the insurance investigator had a contractual relationship only with the insurance company, and provided reports only to the insurance company, the insured was held to be a foreseeably affected third party.  Id.

Similarly, in this instance, although there is no privity of contract between plaintiff and Pace, Pace could reasonably foresee, given the nature of Pace's obligation to Hoyle, that plaintiff would necessarily rely on Pace's specifications in constructing the pump station.  Plaintiff alleges that Pace was fully aware that the project contractor would rely on the information and specifications provided by it, and that the

8

contractor could be harmed if the specifications were defective.[3]
The foreseeability of injury gives rise to a duty of due care.[4]

Therefore, to the extent that plaintiff is pleading an action in contract, the claim is dismissed. To the extent that plaintiff is pleading an action in tort, the cause of action at least survives Pace's motion to dismiss at this early stage.

---

[3] Just _how_ the contractor was harmed by allegedly defective pump specifications remains to be proven. The contractor was presumably not obligated to do more than install the pumps specified; whether those pumps were or were not appropriate for the task was likely an engineering decision.

[4] A growing number of courts faced with similar issues have allowed third-party contractors to maintain actions in negligence against design professionals. See Owen v. Dodd, 431 F.Supp. 1239 (N.D. Miss. 1977); Detweiler Bros., Inc. v. John Graham & Co., 412 F.Supp. 416 (E.D. Wash. 1976); United States ex rel. Los Angeles Testing Lab. v. Rogers & Rogers, 161 F.Supp. 132 (S.D. Cal. 1958); Berkel & Co. Contractors, Inc. v. Providence Hosp., 454 So.2d 496 (Ala. 1984); Donnelly Construction Co. v. Oberg/Hunt/Gilleland, 677 P.2d 1292 (Ariz. 1984); Carroll-Boone Water Dist. v. M&P Equip. Co., 661 S.W2d 345 (Ark. 1983); Guardian Const. v. Tetra Tech Richardson, Inc., 583 A.2d 1378 (Del. Super. 1990); Normoyle-Berg & Assoc., Inc. v. Village of Deer Creek, 350 N.E.2d 559 (Ill. App. Ct. 1976); Gurtler, Hebert and Co., Inc. v. Weyland Machine Shop, Inc., 405 So.2d 660 (La. App. 1981); Craig v. Everett M. Brooks Co., 222 N.E.2d 752 (Ma. 1967); Nat'l Sand, Inc. v. Nagel Constr., Inc., 456 N.W.2d 390 (Mi. 1990); Conforti & Eisele, Inc. v. John C. Morris Assoc., 418 A.2d 1290 (N.J. Super. Ct. L. 1980); Davidson and Jones, Inc., v. County of New Hanover, 255 S.E.2d 580 (N.C.App. 1979); Forte Bros., Inc. v. Nat'l Amusement, Inc., 525 A.2d 1301 (R.I. 1987); Tommy L. Griffin Plumbing & Heating v. Jordan, Jones & Goulding, Inc., 463 S.E.2d 85 (S.C. 1995).

9

**B.   Count X Breach of Contract**

In Count X of its complaint, plaintiff alleges that on September 15, 1993, plaintiff and Pace executed a purchase agreement for pump equipment.  Under that agreement, Pace promised to deliver the equipment in February 1994, and warranted that the equipment was fit for the purpose for which it was to be used.  Plaintiff further alleges that Pace failed to deliver the equipment in February 1994, and that the equipment, once delivered, was not fit for the purpose for which it was to be used.  Plaintiff alleges that Pace breached the contract, and that it suffered damages.

Pace argues that plaintiff's breach of contract claim should be dismissed because the contract for the sale of equipment is not supported by a writing sufficient to satisfy the Statute of Frauds.  Under Rule 8(c) of the Federal Rules of Civil Procedure, the Statute of Frauds is an affirmative defense.  As an affirmative defense, the defendant bears the burden of proof. R.C. Allen Business Machines, Inc. v. Acres, 111 N.H. 269 (1971). Because defendant bears the burden, an affirmative defense will only be considered on a motion to dismiss where a defect appears on the fact of the complaint.  Keene Lumber Co. v. Leventhal, 165 F.2d 815, 820 (1st Cir. 1948).

Here, plaintiff's complaint, construed in a light most favorable to it, alleges a writing consistent with the Statute of Frauds. Pace does not challenge the facial sufficiency of this allegation. Instead, Pace argues that the writing was not actually signed by Pace and is, therefore, legally insufficient to satisfy the applicable Statute of Frauds. Whether or not the writing satisfies the Statute of Frauds is a factual question that cannot be resolved on a motion to dismiss and is more appropriately considered at the summary judgment stage.

Therefore, Count X, construed in a light most favorable to plaintiff, sufficiently describes a claim for breach of contract against Pace.

## IV. Conclusion

In light of the foregoing, Pace's motion to dismiss (document no. 10) is granted as to Count IX to the extent plaintiff is pleading an action in contract, but is denied at this time to the extent plaintiff is pleading an action in tort. Pace's motion to dismiss (document no. 18) is denied as to Count X.

11

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 27, 1996

cc:   Martha E. Howe, Esq.
      Andrew W. Serell, Esq.
      Jeffrey L. Alitz, Esq.
      Richard D. Gaudreau, Esq.