Sheila J. WOLVERTON, Plaintiff,

v.

Glenn M. BULLOCK, Defendant,

v.

Dairyland Insurance Company,
Garnishee.

Sheila J. Wolverton, Plaintiff,

v.

Dairyland Insurance Company, and
Sentry Insurance A Mutual
Company, Defendants.

No. 97–4073–SAC.

United States District Court,
D. Kansas.

Sept. 29, 1998.

P. John Brady, Andrew M. DeMarea, Shughart, Thomson & Kilroy, P.C.,Kansas City, KS, Walter P. Robertson, Junction City, KS, for plaintiffs.

Arthur S. Chalmers, Mary E. Giovanni, Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the plaintiff Sheila J. Wolverton's request for a hearing pursuant to 28 U.S.C. § 3205(c)(5) (Dk.6) and on the defendant Sentry Insurance A Mutual Company's ("Sentry's") motion to dismiss (Dk.10). The record reflects that there are other pending motions in this case, but the court reserves its ruling for another order.

Dairyland Insurance Company ("Dairyland") issued an insurance policy to Glenn Bullock on a 1987 Ford pickup. Bullock was driving his pickup in March of 1995 when it struck and injured Sheila Wolverton. Wolverton sued Bullock for her injuries. This suit was settled with Bullock consenting to judgment being entered against him, Wolverton agreeing not to execute the judgment against Bullock, and Bullock assigning to Wolverton all of his rights against his insurer Dairyland and its adjuster Sentry. Wolverton then commenced a garnishment action against Dairyland and filed a separate action against Dairyland and Sentry alleging negligence and bad faith in their handling of the claim on Bullock's policy. In these cases, Wolverton seeks to recover $466,522.18, which is the full amount of the consent judgment entered against Bullock. These cases were consolidated and removed to this court.

### REQUEST FOR HEARING (Dk.6)

After this action was removed to federal court, the plaintiff Wolverton filed another demand for jury trial adding a request for "a trial and/or hearing on the garnishment action, to the extent necessary pursuant to 28 U.S.C. § 3205(c)(5), to occur at the same

time as the trial in the negligence action or at such other time as the Court may direct." (Dk.6). The record does not reflect the defendants to have taken any position with respect to this request. Being uncontested, the plaintiff's request is hereby granted.

## MOTION TO DISMISS (Dk.10).

### Arguments

Sentry seeks dismissal arguing the plaintiff has failed to state a claim upon which relief can be granted against it. Sentry contends the plaintiff's claims as alleged arise from an assignment of Bullock's rights with respect to the Dairyland policy issued to him and assert only that Sentry was acting as an agent in carrying out Dairyland's contractual duties owed to Bullock. Sentry argues the plaintiff is without a legally viable claim because it never contracted with Bullock and the only contract on which a claim can be brought is between Dairyland and Bullock.

In response, the plaintiff concedes that Sentry was the adjusting agency on the plaintiff's claim against Bullock and that an agent of a disclosed principal is not liable on a contract. The plaintiff distinguishes Sentry's cited case law as not addressing the situation where the adjusting agency commits independent negligent and bad faith acts while adjusting a "file on behalf of a 'disclosed' insurer." (Dk.12, p. 4). The plaintiff also throws out that it was "far from clear that Sentry's agency was 'disclosed' to anybody *at the time it began the adjusting process* as to Bullock's accident with Wolverton." (Dk.12, p. 4). The plaintiff concludes that it is premature to dismiss Sentry.

In reply, Sentry reiterates that Kansas law allows bad faith actions only where there is a contract and that there exists no contract between Bullock and Sentry. Sentry replies that the undisclosed principal rule applies where the agent leads the other side into believing that they are contracting with the agent. As noted, the plaintiff does not allege any purported contract between Sentry and Bullock or Wolverton. Finally, Sentry maintains the plaintiff cannot "factually argue Dairyland was undisclosed principal" considering the express contract of insurance between Dairyland and Bullock.

In her original petition, the plaintiff alleged the following with respect to Sentry:

5. On information and belief, Sentry Claims Services is a subsidiary and/or d/b/a of defendant Sentry Insurance A Mutual Company, such that any negligent acts or omissions and any bad faith acts alleged as to Sentry Claims Services are properly and/or also properly brought against defendant Sentry Insurance A Mutual Company.

6. At all times referenced herein, defendant Sentry was acting on behalf of, and as agent for, defendant Dairyland in the investigation, negotiation, settlement, defense, and adjusting of claims asserted against persons insured by policies of insurance issued by defendant Dairyland, including in relation to the March 10, 1995 accident and the policy of insurance specifically referenced herein.

(Dk.1, Petition, pp. 2–3). In her first amended complaint, the plaintiff added the following material allegations that are underlined here:

7. At all times referenced herein, defendant Sentry was acting on behalf of, and as agent for, defendant Dairyland in the investigation, negotiation, settlement, defense, and adjusting of claims asserted against persons insured by policies of insurance issued by defendant Dairyland, including in relation to the March 10, 1995 accident and the policy of insurance specifically referenced herein. *As such Dairyland is vicariously liable for the acts of Sentry complained of herein.*

8. *However, the fact of defendant Sentry's agency for Dairyland, or of any other aspect of the relationship between the two defendant companies, was undisclosed at the time the facts set forth herein were occurring. Defendant Sentry is also liable [sic] the acts it undertook which are complained of herein.*

(Dk.84, p. 3).

### Governing Standards

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allega-

tions." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993); *see Hospice of Metro Denver v. Group Health Ins.*, 944 F.2d 752, 753 (10th Cir.1991) ("Dismissal of a case pursuant to Fed.R.Civ.P. 12(b)(6) requires the legal determination that the plaintiff can prove no set of facts in support of his claim to entitle him to relief.") (citations omitted); *Thatcher Enterprises v. Cache County Corp.*, 902 F.2d 1472 (10th Cir.1990) ("Under Rule 12(b)(6), dismissal is inappropriate unless plaintiff can prove no set of facts in support of his claim to entitle him to relief."). The Tenth Circuit has observed that the federal rules " 'erect a powerful presumption against rejecting pleadings for failure to state a claim.' " *Maez v. Mountain States Tel. and Tel., Inc.*, 54 F.3d 1488, 1496 (10th Cir.1995) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir.1986)).

A court judges the sufficiency of the complaint accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. *Shaw v. Valdez*, 819 F.2d 965, 968 (10th Cir.1987). It is not the court's function "to weigh potential evidence that the parties might present at trial." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991). The court construes the allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir.1991). These deferential rules, however, do not allow the court to assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Associated General Contractors v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983) (footnote omitted). Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman*

*Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir.1989).

*Analysis*

 As she has alleged in her complaint, this action originally belonged to the insured Glenn Bullock but was assigned to Wolverton making her "the real party in interest to bring this action and the proper party plaintiff." (Dk.84, ¶ 22, p. 5). In Kansas, "tort claims are not assignable," but "a breach of contract claim is assignable." *Glenn v. Fleming*, 247 Kan. 296, 313, 799 P.2d 79 (1990). It is now well settled in Kansas that an insured may assign the right of recovery against an insurer for wrongful refusal to settle a claim within the policy limits. *See Glenn*, 247 Kan. at 313–14, 799 P.2d 79. The Kansas Supreme Court summarized the legal reasoning behind this rule, as follows:

> A typical contract contains an implied term that the parties will act in good faith. Specifically, an insurance contract contains an implied term that if the insurer assumes the defense of an insured, then the insurer "owes to an insured the duty to act in good faith and without negligence." *Bollinger v. Nuss*, 202 Kan. 326, 449 P.2d 502, Syl. § 1, 202 Kan. 326, 449 P.2d 502 (1969). If the insurer negligently or in bad faith refuses to settle a case within the policy limits, the insurer has breached this implied term in the insurance contract. *Glenn v. Fleming*, 247 Kan. 296, 311, 799 P.2d 79 (1990); *Spencer v. Aetna Life & Casualty Ins. Co.*, 227 Kan. 914, 920, 611 P.2d 149 (1980). Thus, a plaintiff who seeks damages from insurer under a third-party bad faith action must bring the action as a contract claim. *Glenn*, 247 Kan. at 311, 799 P.2d 79; *Spencer*, 227 Kan. at 920, 611 P.2d 149. Kansas does not allow bad faith actions to be brought in tort. *Glenn*, 247 Kan. at 311, 799 P.2d 79; *Spencer*, 227 Kan. at 920, 611 P.2d 149. Thus, implicit in the discussion of a bad faith breach of contract action is the necessity of a contract.

*Aves v. Shah*, 258 Kan. 506, 512, 906 P.2d 642 (1995).

 To state a viable claim against Sentry, the plaintiff must allege that a contract

existed between Bullock and Sentry and that Sentry breached it. The plaintiff does not allege that Sentry was a party to the insurance contract between Dairyland and Bullock. Nor does the plaintiff advance any legal theory recognized in Kansas that makes Sentry a party to the insurance contract as a mere result of Dairyland hiring Sentry as the adjuster on the claims against Bullock. The plaintiff does not allege that Sentry, purporting to act upon its own account, contracted with Bullock on account of Dairyland. In fact, the only contract involving Sentry mentioned in the plaintiff's complaint is the agency relationship between Sentry and Dairyland.

The plaintiff's complaint does not describe the agency relationship between Sentry and Dairyland as one in which Sentry ever contracted with Bullock on behalf of Dairyland or on its own behalf. Rather, the complaint describes the relationship as simply one in which Dairyland hired Sentry to investigate and adjust the claim asserted against Bullock. Without an allegation that Sentry contracted with Bullock, it matters not whether Bullock was advised that Sentry was adjusting on behalf of Dairyland.

In the absence of a contract between Sentry and Bullock, there can be no implied duty of good faith that Sentry would have owed Bullock. *See Aves v. Shah*, 258 Kan. at 512, 906 P.2d 642 (a contract must have existed for there to be a bad faith breach of contract action). This holding is consistent with approaches taken in other jurisdictions. *See, e.g., Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209, 210 (5th Cir.1993) (claims service agency was not a party to the insurance contract and owed no duty of good faith to the insured); *Wright v. State Farm Fire and Cas. Co.*, No. 96–A–1663–N, 1997 WL 114902, at *3 (M.D.Ala. Feb.14, 1997) (Because a claim for bad faith in Alabama is limited to a breach of an insurance contract, "[a]n insurance adjuster, not being a party to the insurance contract, cannot be held liable for bad faith." (citing *Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So.2d 283, 285 (Ala.1989))); *First Nat. Bank of Louisville v. Lustig*, 809 F.Supp. 444, 447 (E.D.La.1992) ("[I]t is generally held that there is no common law bad faith cause of action against one who is not a party to the contract. *See, e.g.,*

*Ironworks Unlimited v. Purvis*, 798 F.Supp. 1261, 1265–67 (S.D.Miss.1992); *Vargas v. California State Auto. Assoc. Inter–Ins. Bureau*, 788 F.Supp. 462, 465 (D.Nev.1992); *Butler v. Nationwide Mutual Ins. Co.*, 712 F.Supp. 528, 529 (S.D.Miss.1989); *Cloud v. Illinois Ins. Exchange*, 701 F.Supp. 197, 202 (W.D.Okl.1988); *Griffin v. Ware*, 457 So.2d 936, 940 (Miss.1984) [*abrogated, Bass v. California Life Ins. Co.*, 581 So.2d 1087 (Miss. 1991) ]; *Gruenberg v. Aetna Ins. Co.*, 9 Cal.3d 566, 576, 108 Cal.Rptr. 480, 510 P.2d 1032, 1038–39 (Cal.1973)."); *Bleday v. OUM Group*, 435 Pa.Super. 395, 645 A.2d 1358, 1363 (1994) ("In *Hudock v. Donegal Mutual Insurance Company*, 438 Pa. 272, 264 A.2d 668 (1970), our Supreme Court stated that adjusters owe a duty of performance to their principals, the insurance companies, however, this duty does not serve to create a contractual obligation between the adjusters and the insured."), *appeal denied*, 540 Pa. 591, 655 A.2d 981 (Pa.1995). By not alleging any contract between Sentry and Bullock from which a duty of good faith could arise, the plaintiff has failed to state a claim upon which relief can be granted on the facts here.

While Sentry's motion to dismiss was pending, the plaintiff amended her complaint adding, *inter alia*, the allegation on undisclosed principal. This new allegation accords with the plaintiff's earlier argument that there was a factual dispute over whether Sentry had disclosed its limited agent role to Bullock. As explained above, this new allegation does not cure the legal deficiencies with the plaintiff's claim against Sentry. Having failed twice now to allege a proper claim against Sentry, the plaintiffs do not present any convincing reason for receiving a third chance. Therefore, the court grants Sentry's motion to dismiss.

IT IS THEREFORE ORDERED that Wolverton's request for a hearing pursuant to 28 U.S.C. § 3205(c)(5) (Dk.6) is granted;

IT IS FURTHER ORDERED that the defendant Sentry motion to dismiss (Dk.10) is granted.