586 S.E.2d 586

### CHARLESTON DRY CLEANERS & LAUNDRY, INC., Plaintiff,

v.

### ZURICH AMERICAN INSURANCE CO.; Allstate Insurance Co.; GAB Robins North America, Inc.; and R.S. Townsend, Defendants.

No. 25715.

Supreme Court of South Carolina.

Heard June 24, 2003.

Decided Sept. 15, 2003.

Fleet Freeman, of Freeman & Freeman, of Mt. Pleasant, for Plaintiff.

John R. Murphy and Adam J. Neil, of Murphy & Grantland, P.A., of Columbia, for Defendant Zurich American Insurance Company.

Stephen P. Groves, Sr., and Bradish J. Waring, of Nexsen Pruet Jacobs Pollard & Robinson, L.L.P.; and John Hamilton Smith, Sr., of Young, Clement, Rivers & Tisdale, L.L.P., all of Charleston, for Defendants GAB Robins North America, Inc. and R.S. Townsend.

John S. Wilkerson, III, and Sean A. O'Connor, of Turner Padget Graham & Laney, P.A., of Charleston, for Defendant Allstate Insurance Company.

Gray T. Culbreath and Christian Stegmaier, of Collins & Lacy, P.C., of Columbia, for Amicus Curiae South Carolina Defense Trial Attorneys' Association.

Justice WALLER:

■ We accepted the following questions on certification from the United States District Court for the District of South Carolina:

(1) Can an independent insurance adjuster or an insurance adjusting company be held individually liable to the insured for the negligent or reckless adjustment of a first party insurance claim, where the adjuster is acting as an agent of the adjusting company and both the adjuster and the adjusting company are agents of the disclosed insurance carrier?

(2) If the answer to the first Certified Question is in the affirmative, what are the elements of such a cause of action?

## FACTS[1]

On July 3, 2001, a fire occurred at plaintiff Charleston Dry Cleaners & Laundry, Inc.'s (Dry Cleaners) business premises. The fire destroyed the contents and fixtures of the business. At the time of the fire, Dry Cleaners had a fire insurance policy with both defendant Zurich American Insurance Co. (Zurich) and defendant Allstate Insurance Co.

On July 20, 2001, Dry Cleaners requested that Zurich adjust and pay the losses sustained by its customers for clothes left

---

1. The facts are based on the factual findings in the district court's certification order. See Rule 228, SCACR.

at Dry Cleaners which were destroyed by the fire. Dry Cleaners submitted to Zurich proof of loss statements for its contents loss of over $200,000, its leasehold improvements loss, and loss of income/business interruption loss.

Defendant GAB Robins North America, Inc. (GAB) is a national insurance adjusting company that provides adjusting, investigation, claims administration, and information management services to the property/casualty insurance industry. Zurich retained GAB to adjust Dry Cleaners' claim, and GAB in turn assigned defendant R.S. Townsend, a general adjuster licensed by the South Carolina Department of Insurance, to adjust the fire claim. Thus, both GAB and Townsend were acting as the agents of Zurich at all relevant times.

In October 2001, Zurich paid Dry Cleaners a partial payment of $25,000 toward its business contents loss. In December 2001, Zurich paid Dry Cleaners $29,796.87, which represented a partial payment for the loss related to the customers' clothing destroyed in the fire. Through GAB and Townsend, Zurich rejected each of Dry Cleaners' sworn proof of loss statements. Except for the payments recounted above, Zurich has not paid Dry Cleaners' claims.

In its amended complaint, Dry Cleaners alleged a negligence cause of action against GAB and Townsend. Specifically, Dry Cleaners alleged GAB and Townsend: (1) owed it a duty of due care; and (2) breached their duty by failing to observe industry standards and by failing to exercise due care in the adjustment of the fire claim. Dry Cleaners additionally alleged that as a result of GAB and Townsend's negligence, gross negligence, and recklessness, it suffered damages and is entitled to punitive damages.

## DISCUSSION

Dry Cleaners argues this Court should recognize a duty between the insured and the independent insurance adjuster thereby allowing its negligence claim against GAB and Townsend.

In South Carolina, although the insurer owes the insured a duty of good faith and fair dealing, *see Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 306 S.E.2d 616

(1983),[2] this duty of good faith arising under the contract does not extend to a person who is not a party to the insurance contract. *Carolina Bank and Trust Co. v. St. Paul Fire and Marine Co.,* 279 S.C. 576, 310 S.E.2d 163 (Ct.App.1983). Thus, no bad faith claim can be brought against an independent adjuster or independent adjusting company. It is a novel issue in this State whether a **negligence** claim can be brought against an independent adjuster or independent adjusting company.

To establish a cause of action for negligence, a plaintiff must show three elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damage proximately resulting from the breach of duty. *E.g., South Carolina State Ports Auth. v. Booz–Allen & Hamilton, Inc.,* 289 S.C. 373, 346 S.E.2d 324 (1986). The Court must determine, as a matter of law, whether the law recognizes a particular duty. *E.g., Steinke v. South Carolina Dep't of Labor, Licensing and Regulation,* 336 S.C. 373, 387, 520 S.E.2d 142, 149 (1999). An affirmative legal duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance. *Carson v. Adgar,* 326 S.C. 212, 217, 486 S.E.2d 3, 5 (1997). Foreseeability of injury, in and of itself, does **not** give rise to a duty. *South Carolina State Ports Auth. v. Booz–Allen & Hamilton, Inc.,* 289 S.C. at 376, 346 S.E.2d at 325.

There is a split of authority among those state jurisdictions that have addressed whether a negligence claim can be brought against an independent adjuster. The majority does not allow this cause of action. *See Meineke v. GAB Business Servs., Inc.,* 195 Ariz. 564, 991 P.2d 267 (Ct.App.1999); *Sanchez v. Lindsey Morden Claims Servs., Inc.,* 72 Cal.App.4th 249, 84 Cal.Rptr.2d 799 (1999); *King v. National Security Fire and Cas. Co.,* 656 So.2d 1338 (Fla.Dist.Ct.App.1995);

**2.** In *Nichols,* we recognized a tort of bad faith against an insurer. Specifically, we held that if an insured can demonstrate bad faith or unreasonable action by the insurer in processing a claim under the insurance contract, then the insured can recover consequential damages, and the actual damages are not limited by the contract. 279 S.C. at 340, 306 S.E.2d at 619. Furthermore, punitive damages can be recovered if the insured can demonstrate the insurer's actions were willful or in reckless disregard of the insured's rights. *Id.*

*Velastequi v. Exchange Ins. Co.,* 132 Misc.2d 896, 505 N.Y.S.2d 779 (N.Y.City Civ.Ct.1986); *Dear v. Scottsdale Ins. Co.,* 947 S.W.2d 908 (Tex.App.1997); *see also Troxell v. American States Ins. Co.,* 596 N.E.2d 921, 925 n. 1 (Ind.Ct.App. 1992); *Wolverton v. Bullock,* 35 F.Supp.2d 1278 (D.Kan.1998).

Some states, however, have recognized a duty, and therefore allow a negligence claim in this context. *See Continental Ins. Co. v. Bayless and Roberts, Inc.,* 608 P.2d 281 (Alaska 1980); *Morvay v. Hanover Ins. Cos.,* 127 N.H. 723, 506 A.2d 333 (1986); *Brown v. State Farm Fire and Cas. Co.,* 58 P.3d 217 (Okla.Civ.App.2002); *see also Bass v. California Life Ins. Co.,* 581 So.2d 1087 (Miss.1991) (allowing claim for gross negligence).

In recognizing a negligence action against investigators hired by the insurer, the New Hampshire Supreme Court in *Morvay v. Hanover Ins. Cos.,* noted that the investigators "were fully aware that the [insureds] could be harmed financially if they performed their investigation in a negligent manner and rendered a report to [the insurer] that would cause the company to refuse payment." 506 A.2d at 335. This Court, however, has held that foreseeability of injury is an insufficient basis for recognizing a duty. *South Carolina State Ports Auth. v. Booz–Allen & Hamilton, Inc., supra.*

We decline to recognize a general duty of due care from an independent insurance adjuster or insurance adjusting company to the insured, and thereby align South Carolina with the majority rule on this issue. *See, e.g., Meineke v. GAB Business Servs., Inc., supra; Sanchez v. Lindsey Morden Claims Servs., Inc., supra; King v. National Security Fire and Cas. Co., supra; Velastequi v. Exchange Ins. Co., supra; Dear v. Scottsdale Ins. Co., supra.* We note, however, that "the authorized acts of an agent are the acts of the principal." *ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 242, 489 S.E.2d 470, 472 (1997). In addition, a bad faith claim against the insurer remains available as a source of recovery for a plaintiff such as Dry Cleaners. Therefore, in a bad faith action against the insurer, the acts of the adjuster or adjusting company (agent) may be imputed to the insurer (principal).

Accordingly, we answer the first certified question in the negative. As a result, we need not address the second question.

**QUESTIONS ANSWERED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.