**THOMAS DANIELS AGENCY, INC., Plaintiff,**

v.

**NATIONWIDE INSURANCE COMPANY OF AMERICA, and RGL Forensics, Inc., Defendants.**

Civil Action No. 2:14–cv–04928–RMG.

United States District Court,
D. South Carolina,
Charleston Division.

Signed June 24, 2015.

Aaron Eric Edwards, Lawrence Edward Richter, Jr., Patrick Thomas Napolski, Richter Firm, Mt. Pleasant, SC, for Plaintiff.

Robert M. Darroch, Goodman McGuffey Lindsey and Johnson, Sarasota, FL, Sean B. Cox, Hall Booth Smith, Atlanta, GA, Steven Raymond Kropski, Carlock Copeland Semler and Stair, Charleston, SC, for Defendant.

**ORDER**

RICHARD M. GERGEL, District Judge.

Defendant RGL Forensic, Inc. (RGL) has filed a Motion for Judgment on the Pleadings. (Dkt. No. 21.) For the reasons set forth below, the Court GRANTS the motion with prejudice.

## I. BACKGROUND

This case involves an insurance coverage dispute between Plaintiff Thomas Daniels Agency, Inc. and its insurer Defendant Nationwide Insurance Company of America (Nationwide). The facts are taken from Plaintiff's Amended Complaint and for purposes of this motion are presumed to be true. Nationwide insured Plaintiff under a policy covering a building and other property located in North Charleston, South Carolina. (Dkt. No. 16 ¶ 7.) On February 18, 2007, an automobile struck the North Charleston building, starting a fire that caused extensive damage to the building and other covered property. (Id. ¶ 8.) Plaintiff filed a claim [1] and attempted to resolve it directly with Nationwide, relying on Nationwide's representations that it would pay the claim. (Id. ¶ 10.)

On September 8, 2008, an employee of RGL informed Plaintiff that Nationwide had hired RGL to calculate Plaintiff's loss. (Id. ¶ 11.) On July 24, 2012, RGL requested "materials" from Plaintiff. (Id. ¶ 13.) In response, Plaintiff furnished "all documents ... in Plaintiff's possession." (Id. ¶ 14.) Plaintiff, after not hearing from Nationwide or RGL, wrote Nationwide for an update on February 17, 2014. (Id. ¶ 15.) That same day, "Nationwide responded by forwarding an email from [RGL] asking for many of the same things as requested previously, which Plaintiff explained were unavailable." (Id.) Nation-

wide has since refused to fully indemnify Plaintiff for the various losses caused by the fire on February 18, 2007. (Id. ¶ 16.)

On November 25, 2014, Plaintiff filed a civil action against Nationwide and RGL, alleging claims of breach of contract, bad faith, negligence, and fraud. (Dkt. No. 1–1 ¶¶ 16–60.) Plaintiff then filed an Amended Complaint on March 31, 2015. (Dkt. No. 16.) Plaintiff alleges that RGL was a "servant, agent or employee" of Nationwide, acting within the "scope of said service, agency, or employment, ... thereby making Nationwide liable for the acts and/or omissions of [RGL] under the theory of *respondeat superior*." (Id. at ¶ 5.) Plaintiff further alleges that Nationwide and RGL "induced Plaintiff to not take legal action by repeatedly assuring Plaintiff that the claim would be paid, or that more information was required before the claim would be paid...." (Id. ¶ 17.)

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). Rule 12(c) motions operate to "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC,* 2:13–CV–281–PMD, 2013 WL 4585873 at *1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 1368 (3d ed.2010)). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at *2 (quoting *Park Univ. Enters. v. Am., Cas. Co.,* 442 F.3d 1239, 1244 (10th Cir.2006)).

---

1. Although Plaintiff does not provide the exact date that it filed a claim with Nationwide,

Plaintiff alleges that it "timely reported the loss." (Id. at, 22.).

Rule 12(c) motions limit the courts review to the pleadings, *Abell Co. v. Baltimore Typographical Union No. 12,* 338 F.2d 190, 193 (4th Cir.1964), and "any documents and exhibits attached to and incorporated into the pleadings." *Lewis,* 2013 WL 4585873 at *1 (citing *Eagle Nation, Inc. v. Mkt. Force, Inc.,* 180 F.Supp.2d 752, 754 (E.D.N.C.2001)). Like motions filed under Rule 12(b)(6), motions pursuant to Rule 12(c) call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir.2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis,* 2013 WL 4585873, at *2 (quoting *John S. Clark Co., Inc. v. United Nat'l. Ins. Co.,* 304 F.Supp.2d 758, 763 (M.D.N.C.2004)).

## III. DISCUSSION

RGL argues that it is entitled to a judgment on the pleadings because Plaintiff's allegations against it fail to establish a claim for negligence or fraud. (Dkt. No. 21–1 at 2–3.) Specifically, RGL contends that Plaintiffs negligence claim fails because "RGL owed no legal duty to Plaintiff." (*Id.* at 3.) RGL further argues that Plaintiff's allegations fail to establish that RGL had a legal duty to disclose information to Plaintiff or that RGL made a false representation. (*Id.* at 13–16.) Plaintiff responds that its negligence claim properly rests on the theory of *respondeat superior,* and that it has adequately alleged sufficient facts to support the existence of its fraud claim. (Dkt. No. 24 at 2–3, 4–8.).

### A. Negligence

In order to establish negligence under South Carolina law, a plaintiff must show: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damage proximately resulting from the breach of duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.,* 355 S.C. 614, 586 S.E.2d 586, 588 (2003). "An affirmative legal duty to act exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." *Id.* (citing *Carson v. Adgar,* 326 S.C. 212, 486 S.E.2d 3, 5 (1997)). The South Carolina Supreme Court has adopted the majority rule that an "independent insurance adjuster or insurance adjusting company" owes no general duty of due care to the insured. *Id.* at 588–89.

Here, RGL is a forensic accounting and consulting firm that was independently hired by Nationwide to calculate Plaintiff's loss. (Dkt. Nos. 16 ¶ 3; 21–1 at 9.) Because RGL is an independent insurance adjusting company, the Court is compelled to find that it owes no general duty of care to Plaintiff, the insured. *See Charleston Dry Cleaners & Laundry, Inc.,* 586 S.E.2d at 588–89. Further, Plaintiff's attempt to establish that RGL owed Plaintiff a legal duty under the theory of *respondeat superior* fails for the reasons given in the Court's March 17, 2015 Order. (Dkt. No. 15 at 7.) Accordingly, Plaintiff's negligence claim fails as a matter of law.

### B. Fraud

To properly plead fraud, Plaintiff must allege the following elements: (1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Regions Bank v. Schmauch,* 354 S.C. 648, 582 S.E.2d 432, 444–45 (S.C.Ct.App.2003).

Under South Carolina law, "[n]ondisclosure becomes fraudulent only when it is the duty of the party having knowledge of the facts to uncover them to the other." *Doe 2 v. Associated Press*, 331 F.3d 417, 420 (4th Cir.2003) (citing *Warr v. Carolina Power & Light Co.*, 237 S.C. 121, 115 S.E.2d 799, 802 (1960)). Such a duty to disclose can arise in only three cases: (1) where there exists a preexisting definite fiduciary relation between the parties; (2) where one party either expressly or (by virtue of the specific circumstances of the case) implicitly reposes a trust and confidence in the other with reference to the particular transaction in question; or (3) where the very contract or transaction itself, in its essential nature, is intrinsically fiduciary and necessarily calls for perfect good faith and full disclosure. *Id.* (citing *Jacobson v. Yaschik*, 249 S.C. 577, 155 S.E.2d 601, 605 (1967)).

█ Plaintiff alleges both fraudulent concealment, "in that RGL kept silent of the fact it sought additional information from Plaintiff until" Plaintiff asked Nationwide for an update on its case (Dkt. No. 16 ¶ 76), and fraudulent misrepresentation, based on RGL's February 17, 2014 email to Nationwide that RGL required additional information from Plaintiff to calculate Plaintiff's loss (*id.* ¶ 71–74). Plaintiff alleges that RGL "had reason to know that its statement as to additional information was false in that they had received a plethora of information from Plaintiff's counsel, including information necessary to make a determination as to Plaintiff's loss." (*Id.* ¶ 74.)

As an initial matter, the Court finds that Plaintiff has not alleged facts giving rise to a fraudulent concealment claim. Plaintiff does not allege that there was a fiduciary relationship between Plaintiff and RGL, or that the parties entered into a contract or transaction. *See Doe 2*, 331 F.3d at 420. Rather, the Amended Complaint establishes that Nationwide hired RGL to calculate Plaintiff's loss, and that Plaintiff interacted directly with RGL on only three occasions. (Dkt. No. 16 ¶¶ 5, 11, 13, 14.) Although Plaintiff's brief indicates that Plaintiff believes the parties have a fiduciary relationship, Plaintiff has failed to offer any facts that would support such an assertion. (Dkt. No. 24 at 5.) Because Plaintiff has not alleged facts indicating that RGL had a duty to disclose information to Plaintiff, the Court finds that Plaintiff cannot establish a fraudulent concealment claim.

█ The Court further finds that Plaintiff's allegations fail to give rise to a fraudulent misrepresentation claim. Notably, the Amended Complaint fails to identify a *false* representation made by RGL. *See Armstrong v. Collins*, 366 S.C. 204, 621 S.E.2d 368, 375–76 (S.C.Ct.App.2005) (citing *Brown v. Stewart*, 348 S.C. 33, 557 S.E.2d 676, 680–81 (S.C.Ct.App.2001)) (noting that fraudulent misrepresentation "requires the conveyance of a known falsity"). Plaintiff alleges that RGL represented in an email to Nationwide on February 17, 2014, that "the information that had previously been requested by RGL Forensics, but was unable to be provided by Plaintiff, remained outstanding." (Dkt. No. 16 ¶ 70.) Plaintiff further alleges that this representation was false because RGL "had received substantial information from Plaintiff's counsel" in a letter sent by Plaintiff to RGL on March 13, 2013. (*Id.* ¶¶ 67, 72.) However, the referenced email and letter do not support Plaintiff's allegations. In RGL's February 17, 2014 email, RGL wrote that "[a]fter reviewing the file, the information received was limited. The following is a list of the information that was requested in our original document request letter and remains outstanding: ..." (Dkt. No. 16–5 at 1.)

Notably, the information listed in this email was not provided in Plaintiff's March 13, 2013 letter. Indeed, Plaintiff does not contend that it ever provided this information to RGL. Regardless of whether RGL received "substantial information from Plaintiff's counsel," the fact remains that Plaintiff did not provide RGL with all of the information it had originally requested. Thus, the Court can discern no falsity in RGL's email to Nationwide. Because RGL's February 17, 2014 email does not constitute a false representation, Plaintiff's fraudulent misrepresentation claim fails as a matter of law. *See Regions Bank*, 582 S.E.2d at 444–45. Having disposed of the motion on these grounds, the Court will not address RGL's other arguments.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff's allegations of fraud and negligence against RGL fail as a matter of law. Defendant's Motion for Judgment on the Pleadings (Dkt. No. 21) is therefore **GRANTED** with prejudice.

**IT IS SO ORDERED.**